FLORA, A SLAVE, VS THE STATE.

*Touching proof of the ownership of a slave indicted for felony.*

1. In an indictment against a slave for a capital offence, some part of the proceedings must contain the name of the owner; and such ownership is an essential matter, necessary to be proved and found by the jury.

Flora, a slave, was indicted in Madison Circuit Court for murder. The indictment charged, that Flora, a slave, *the property of Allen and Richard Sanford, administrators of the estate of Willis Sanford,* committed the murder upon the body of Willis Sanford; and she was found guilty.

The case was removed into this Court by writ of error, upon exceptions taken to the opinion of the Court in the progress of the trial. These exceptions disclosed, that it was in proof on the part of prisoner, that she was the property of Willis Sanford, in his life time, and at the time of his death. No proof was made of property in the slave, in Allen and Richard Sanford, as laid in the indictment; or that administration upon the estate of the said Willis had ever been granted to any person whomsoever. Nor was there proof that Allen and Richard Sanford ever laid claim to the slave. Thereupon the prisoner's counsel moved the Court to instruct the jury, that if they believed the property in said slave, was not in said Allen and Richard Sanford, but in the heirs or legal representatives of Willis Sanford,

then the proof did not sustain the indictment, but was variant therefrom, and of consequence, the jury must find the prisoner not guilty. This the Court refused; but because the question was novel and difficult, referred the same to this Court.

*Parsons* and *Robinson*, for the prisoner.
*Attorney General*, contra.

HOPKINS, J.—The plaintiff in error was indicted for the murder of one Willis Sanford. In the indictment it is alleged, that she was a slave, and the property of Allen and Richard Sanford, administrators of Willis Sanford, deceased. Upon the trial of the case, there was no proof that she was their property, or that administration upon the estate of Willis Sanford had ever been granted to them; and none that they had ever made any claim to her. Her counsel moved the Court to instruct the jury, that unless they believed, from the evidence, she was the property of Allen and Richard Sanford, they must find the issue for the prisoner. The Circuit Court refused to give the instruction, and referred the question, as novel and difficult, to this Court.

The statute law of the State requires, that whenever, on the trial of any slave for a capital offence, the jury shall return a verdict of guilty, the judge shall cause the same jury to be sworn to assess the value of the slave, and the portion thereof that the owner shall have, which in no case shall exceed one half of the value assessed; that the verdict of the jury shall be entered on the records of the Court, and gives a right to the owner, on producing to the

Comptroller of Public Accounts, a transcript of the record of the Court, certified by the clerk, together with a certificate of the sheriff, that the slave had been executed in pursuance of the sentence of the Court, to receive a warrant on the Treasurer for the portion to which the verdict may entitle him.[*]     [*]Aik. Dig. 124,sec.60, 64.

The name of the owner of the slave ought to be stated in some part of the proceedings, as his right to a portion of the value of the property depends upon a transcript of the record, which he must present to the Comptroller, which would be no evidence of his right, unless the fact that he was the owner appeared from the transcript. The Comptroller has no power to inquire who the owner is, but must admit the evidence, and that only, which the statute requires.

Unless the jury can inquire upon the trial of the issue, to ascertain the guilt or innocence of the prisoner, who the owner is, there is no subsequent part of the proceeding, which is suitable for making the inquiry, and the record would not be, what the law intended it should—evidence of the right of the owner to a portion of the value of the slave. If it be necessary to introduce the name of the owner into the proceedings, the indictment is the proper place for it. It is not necessary to state any fact in an indictment which it is needless to prove; but any thing that ought to be alleged must be proved. If the name of the owner had been omitted in the indictment, the record would afford no evidence of the right of any person to receive a part of the value of the slave. The construction of the statute requires, that the proceedings shall ascertain the owner, unless it be stated in

4P              15

the indictment that he is unknown, for the purpose that personal rights may be secured by the same trial, the result of which will satisfy public justice. As the right of the owner to receive a part of the value of the slave, must appear from the record, the fact of ownership on which the personal right depends, as well as the fact of guilt, upon which the demand of public justice is made, ought to be put in issue by the indictment, and found by the jury. It is admitted, that the guilt of the prisoner, if she be guilty, is the same, whether she belong to the persons named in the indictment, or to any others : so is the crime of a thief, whether the goods he feloniously took and carried away were the property of A or B. But the doctrine is settled, that if an indictment for larceny state the property to belong to a person unknown, when the owner was really known, or that it is in A when B is the owner, in either case the prisoner ought to be discharged from the indictment. After the felon is convicted, the owner, if the stolen property be in Court, or in the custody of the law, is entitled to an order of the Court of restitution, or to a judgment for the value of such property as shall not be restored.    As the owner may acquire rights from the trial of such an indictment, his name, if it be known, must be stated in it, and proved on the trial. The same principle applies, we think, to an indictment of a slave for a capital offence.*

"2EastCro Law. 650, 651, 652, 788 & 789; 2 Ha. Pl's, Cro. 181.

In this case, were the judgment affirmed, the persons who are stated in the indictment to be the owners, would receive a part of the value of the slave, when no evidence was offered upon the trial, which tended to prove the property was in them:   If after

the person, who appeared upon the trial to be the owner, had received a portion of the value of the slave, another should prove that he was the real owner, in an action against him, the proceedings upon the indictment would be no evidence of the right of the defendant to retain the part of the value, which had been paid to him, against the plaintiff, who proved his property in the slave.

We are of opinion, the Circuit Court ought to have given the instruction, which was asked for the prisoner.

Let the judgment be reversed, and the cause remaded.