Williams v. The State.

## WILLIAMS v. THE STATE.

1. An indictment, under the 18th section of the first chapter of the penal code, for inveigling slaves, &c., must alledge all the facts necessary to

create the offence denounced by the statute. An indictment charging the offence generally, as a larceny at common law, is insufficient.

2. Upon a conviction on an indictment for the larceny of a slave, in general terms, the prisoner cannot be sentenced to more than five years imprisonment in the penitentiary.

Error to the Circuit Court of Marion. Before the Hon. S. Chapman.

INDICTMENT against plaintiff in error for larceny of a slave, in Fayette circuit court, and transferred by change of venue to the circuit court of Marion. The indictment contains two counts, in the first of which the plaintiff is charged thus:—
" That James Williams, late of said county, on, &c., in the county aforesaid, one slave named Albert, of the value of five hundred dollars, of the goods and chattels of John P. Taggert, then and there being found, feloniously did *steal, take and lead away*." And in the second, in the same words, except that the words used in the last are, " *steal, take and carry away*." On the trial, the testimony showed, that the slave, Albert, was taken from the possession of the owner, John P. Taggert, at his residence, in Hardiman county, Tennessee, and was afterwards found in the possession of the prisoner, in Fayette county, Alabama. It was admitted by the prisoner, that the evidence on the part of the state was conclusive, except as to the venue. The prisoner's counsel asked the court to charge the jury, that the evidence of the taking of the slave in Tennessee, and his being found in his possession in Fayette county, Alabama, would not authorize a conviction on this indictment, which charge the court refused to give, and the prisoner excepted.

The jury returned a verdict, that they found the defendant "guilty in manner and form as charged in the bill of indictment." The prisoner moved in arrest of judgment, on grounds apparent on the face of the indictment, which motion the court overruled, gave judgment on the verdict, and imposed the sentence of ten years imprisonment in the penitentiary.

The errors now assigned are—1. The refusal of the court to charge as requested by the prisoner's counsel. 2. The

overruling of the motion in arrest of judgment. 3. The judgment and sentence.

W. R. Smith and Peck, for plaintiff in error.
Attorney General, for the state.

COLLIER, C. J.—The 25th section of the 4th chapter of the penal code enacts, that "every person who shall fraudulently or feloniously steal the property of another, in any other state or country, and shall bring the same within this state, may be convicted and punished in the same manner as if such larceny had been committed in this state; and in every such case, such larceny may be charged to have been committed in any county, in or through which such stolen property may have been brought." Clay's Dig. 420, § 25. By the 18th section of the same chapter, it is enacted, that "every person who shall inveigle, steal, carry, or entice away any such slave, with a view to convert such slave to his own use, or the use of any other person, or to enable such slave to reach some other state or country; where such slave may enjoy freedom, such person shall, on conviction, be punished by confinement in the penitentiary not less than ten years." Clay's Dig. 419. The first question presented under these several enactments, is, whether a party guilty of the offence denounced by the first, can be convicted under a common law indictment for laceny?

In the State v. Brown, 4 Port. Rep. 413, it was said not to be always sufficient to pursue the very words of the statute, unless by so doing, the fact, in the commission or omission of which the offence consists, is fully, directly, and expressly alledged. So in the State v. Duncan, 9 Port. R. 260, it was held, that where a statute is introductive of a new offence, and prescribes its constituents without reference to any thing else, in an indictment founded upon it, it is enough to describe the offence in the very words of the act." See also, The State v. Click, 2 Ala. Rep. 26; Turnipseed v. The State, 6 Ala. R. 664; Worrel v. The State, 12 Ala. R. 732. In Mooney v. The State, 8 Ala. Rep. 328, the indictment was founded upon the 18th section above recited, and pursued its terms. The court held, that the indictment was not

bad for duplicity, and said it was perfectly clear, both from the phraseology of the statute, and the mischief intended to be prevented, that it was the intention of the legislature to create an offence essentially distinct from larceny at common law." *Further*, "There does not appear to be any tangible or substantial distinction between the terms *inveigle* or *entice*, as employed in this act. Both signify to allure, to incite, to instigate, to seduce to the doing some improper act. It is true, *entice* may be used in a good sense, but that is not its natural meaning, and when so used, it is figurative, and shown to be so by the context; here, it is evidently used in its natural, proper sense. The word *steal* being technical, ordinarily imports a larceny; but here it is evidently employed as a synonime of *carry away;* for the act declares that the offence shall be complete, though there is no intention to convert the slave to the use of the taker, or of any other person, which is an essential ingredient in larceny. These are then, all offences of precisely the same grade, although there may be a slight distinction between the two classes of *stealing* and *carrying away*, and *inveigling* and *enticing*."

The 18th section, as it stood at the first enactment of the penal code was in the following words: "Every person who shall inveigle, steal, carry, or entice away any slave, without the consent of such slave, or shall hire, aid or counsel any person to inveigle, steal, carry or entice away, as aforesaid, any such slave, with a view to convert such slave to his own use, or to the use of any other person, or to enable such slave to reach some other state or country, where such slave may enjoy freedom, such person, on conviction, shall be punished by confinement in the penitentiary, not less than ten years." The words "with or," which preceded "without" in the original draft, being unintentionally (no doubt) omitted in copying the act before it became a law. In an indictment for larceny between the time when the code was adopted and this section, was modified in 1843, this court said, "it will be evident, on looking at this enactment, that it only covers the case of stealing a slave *without his consent*, and with *the particular views, or one of them*, indicated by the terms used. It may be asked, how was the stealing of a

slave, with his consent, punished? It is in effect urged that it was not punishable by law, as there is no statute express-ly, and in terms covering such a larceny; and it is said that slave stealing was not an offence known to the common law." It was added, that slaves in this State, have always been considered property, and are within the general terms goods or chattels; and that under the provision of the code which declares the larceny of these when of greater value than twenty dollars, punishable by imprisonment in the pen-itentiary not less than two, nor more than five years, all cases of slave stealing not embraced by the special statute are in-cluded. Nabors v. The State, 6 Ala. Rep. 200. This last citation is not applicable since the modification of the 18th section, which embraces the stealing of slaves under all cir-cumstances, under which the legislature intended the larceny of that description of property should be punished.

It is abundantly shown by the cases cited, that an indict-ment founded upon that section, should substantially and with particularity alledge the existence of such a state of facts as constitute the offence. Though the proof of them would establish a larceny at common law, it is not sufficient for the indictment to charge that offence in the general terms which are sanctioned by precedent. The statute must be followed, and *quo animo* the act was committed, must be specially stated. It is clearly indicated by the case cited from 8th Alabama, that the law as it now stands, is intro-ductive of an offence which the common law did not de-nounce as criminal; and that the crime which was punisha-ble by pre-existing statutes was to some extent modified, and its essential constituents particularized.

If the prisoner could be punished under the indictment, he could only be confined in the penitentiary from two to five years; for these are the shortest and longest terms which the statute defining grand larceny prescribes. So, that even if his conviction was regular, the judgment sentencing him to ten years' imprisonment would be too long. But the proof did not sustain the indictment; for the 25th section declares that where the larceny is committed in another State, and the property brought into this, the offender " may be convicted and punished in the same manner as if such larceny had been

committed in this State. If he is to be thus "convicted and punished," he must be charged by an indictment in the same form. We have seen that if the offence had been committed here, the indictment must in its allegations have conformed to the statute, and that the prisoner could not have been convicted upon one which charged a larceny in general terms.

This view is decisive of the cause, and relieves us from the examination of the other questions raised upon the record. The judgment is consequently reversed, and the clerk of this court will issue a mandate addressed to the sheriff of Fayette county, embracing therein the judgment of this court, ordering him to demand the prisoner of the warden or lessee of the penitentiary, and requiring the warden or lessee to deliver the prisoner to said sheriff, upon being furnished with a copy of the mandate, and a receipt at the foot thereof, acknowledging such delivery; and commanding the said sheriff to transfer the prisoner to the jail of his county for safe keeping, until he shall be discharged by process of law, or regularly removed to some other place for trial or confinement.