## PHEREBY, a SLAVE, vs. THE STATE.

1. In the criminal prosecution of a slave for murder, the indictment must allege who the owner is at the time it is found, and the allegation must be supported by the proof.

Error to the Circuit Court of Fayette. Tried before the Hon. Geo. Goldthwaite.

THE plaintiff in error was indicted for the murder of Elizabeth Sheppard, and was described in the indictment as her property. On the trial, the State proved that the plaintiff was the property of said Elizabeth Sheppard at the time of her death, but made no proof of property in any person since.— The prisoner's counsel requested the court to charge the jury, "that unless a property in the prisoner, at the time of the finding of the indictment, was proved, the jury must acquit the prisoner," which charge the court refused to give, but charged "that if a property in the prisoner, at the time of the alleged murder, was proved, it was sufficient." To the charge given, and refusal to charge as asked, the prisoner excepted, and now assigns them as error.

ORMOND, for the plaintiff in error.

J. L. MARTIN, for the State.

DARGAN, C. J.—The case of Flora v. The State, 4 Port. 111, is precisely in point, and compels us to reverse the judgment of the Circuit Court, unless we overrule the decision in that case. A majority of the court, however, think that we should be governed by the authority of that case, and I am therefore instructed to reverse the judgment of the Circuit Court. My own opinion, however, is that the judgment should be affirmed. All that need be alleged in an indictment against a slave, is the crime with which he is charged and his. *status* or condition. I do not think it necessary. that the indictment should show who is the owner of the slave, even where the owner is known, and, therefore, no proof of ownership is necessary; but as a different rule of construction has been applied to our statute, regulating the trial of slaves for capital offences, the majority of the court are of the opinion. that we should not depart from that construction.

The judgment of the Circuit Court must therefore be reversed and the cause remanded for further proceedings. The prisoner, however, will be retained in custody to abide another trial, unless she be discharged in the meantime by due course of law.