## HAM vs. THE STATE.

1. Where a slave is stolen in another State and brought into this, the indictment should charge the offence in the same form as if it had been committed here. A common law indictment is not sufficient. (See 18th and 25th sections 1st ch. Penal Code )

Error to the Circuit Court of Perry.   Tried before the Hon. John D. Phelan.

THE indictment in this case alleges that Henry Ham, the plaintiff in error, on the first day of January 1847, "a slave

Fuller, of the value of seven hundred dollars, of the goods and chattels of one Mordecai Delashmert, then and there being found, then and there feloniously did steal, take and carry away," &c. The evidence tended to show that the slave was stolen by Ham and another in the State of Mississippi, and brought by them to Perry county in this State. The prisoner's counsel asked the court to charge the jury that if they believed from the evidence that the larceny was committed beyond the limits of this State, he could not be convicted under this indictment, which charge the court refused to give. The prisoner was convicted and sentenced to ten years imprisonment in the penitentiary. To the refusal to charge as requested and to the judgment rendered the counsel of the prisoner excepted and now assigns them as error.

MOORE & GARROTT, for the plaintiff in error: The counsel for the plaintiff in error believe that this case comes completely within the principle decided in the case of Williams v. The State, 15 Ala. Rep. 259.

ATTORNEY GENERAL, for the State.

CHILTON, J.—The decision of this court in Williams v. The State, found reported in 15 Ala. Rep. 259-263, is an authority directly in point to show that the judgment of conviction in this case cannot be supported. It is there said that the indictment should substantially and with particularity allege the existence of such a state of facts as constitutes the offence denounced by the statute, and that although the proof of these facts might constitute a larceny at the common law, it is not sufficient for the indictment to charge the offence in the general terms sanctioned by precedent.

Let the cause be reversed and remanded, and the prisoner be retained in custody to await a further trial, or until otherwise discharged by due course of law.