## PLEASANT, a slave, vs. THE STATE.

1. In an indictment against a slave for murder, it is necessary to allege the name of his owner.

2. In such case, an allegation that the slave is the property of the "late W. C." is sufficient.

Error to the Circuit Court of Limestone. Tried before the Hon. Samuel Chapman.

No counsel for the plaintiff.

Attorney General, for the State:

1. There is nothing upon the face of the indictment, showing that the owner of Pleasant and the party murdered, although bearing the same names, were one and the same person.

2. The words in the indictment, "late of," prefixed to the name of the owner, William Copeland, used as they are, mean nothing and must be regarded as surplusage. The general use of those words in an indictment is merely to refer to the place where the defendant was conversant, or his residence at the time of the finding of the indictment, or when the crime was committed.—Arch. 28; 1 Chitty Cr. Pl. 208-'9.

3. This case is essentially different from the cases of Flora v. The State, 4 Por. 111, and Phereby v. The State, 16 Ala. 774. Those two cases came before this court by bill of exceptions upon assignment of error to the charge of the court. The evidence disclosed that the party murdered and the owners of the slaves were the same persons, and the Circuit Court charged, in effect, that this was sufficient proof of ownership, and for that error those cases were reversed. The case at bar comes up upon a motion by defendant below in arrest of judgment, which is based upon some error upon the face of the record, and cannot be upon any thing extraneous thereto: And all the proof necessary to support the finding of the jury must be presumed to have been made.

4. If upon the trial below in this case there had been testimony showing that "William Copeland," the owner, and "William Copeland," the party murdered, were one and the same persons, the plaintiff in error should have asked the court for such a charge as would have presented that point; and not

having done so, it is presumed there was ample proof before the court showing that the owner and the deceased were different persons, for there may have been several William Copelands.

DARGAN, C. J.—Pleasant, a slave, was indicted in the Circuit Court of Limestone, for the murder of William Copeland, and having been convicted and judgment of death pronounced against him, he prosecutes a writ of error to this court. The indictment charges him to be a slave, the property of the late William Copeland, &c. Two questions are raised by this averment: 1. Is it necessary in an indictment against a slave for a capital offence, to allege who is his owner? 2. If so, is the ownership of the accused sufficiently alleged? In the case of Flora v. The State, 4 Porter, 111, this court held that in the trial of a slave for a capital offence, it was necessary to prove his ownership. A majority of the court in the subsequent case of Phereby v. The State, 16 Ala. 774, thought it best to adhere to this decision. I then thought that the case of Flora was incorrectly decided, and was willing to overrule it; but although my opinion has undergone no change in reference to the case of Flora, I must now submit and consider the law as settled, that it is necessary to prove the ownership of a slave when indicted for a capital offence, and being necessary to prove it, of course the ownership must be alleged, if the owner is known to the jurors. Is the ownership of the accused sufficiently avered? The allegation is, that Pleasant, a slave, " the property of the late William Copeland." In the sense in which the adjective, *late*, is here used, it means existing not long ago, but now departed this life. This is the meaning all would give it, and no doubt is the meaning intended to be attached to it by the pleader. The accused is therefore alleged to be the property of one not in life. This cannot be, for the dead can own no property. Death strips us of all rights and title to property and casts them on the living who alone can own property. The ownership of the accused is therefore not alleged and the indictment is consequently defective. The judgment must be reversed and the cause remanded; but the accused will be retained in custody to abide another trial, unless discharged in the meantime by due course of law.