## BARBER *vs.* THE STATE.

[INDICTMENT FOR RECEIVING OR CONCEALING STOLEN PROPERTY.]

1. *Punishment for concealing or receiving stolen horse.*—Construing sections 3178 and 3182 of the Code together, a conviction may be had under the former section for concealing, or aiding to conceal, a horse, mare, or other animal specified in the latter section, knowing the same to have been stolen,—the intent to injure or defraud being found; but a conviction for buying or receiving a stolen horse, mare, &c,, knowing the same to have been stolen, can only be had under the latter section. The punishment of the former offense, as prescribed by section 3178, is imprisonment in the penitentiary, for not less than two, nor more than five years; of the latter, as prescribed by section 3182, imprisonment in the penitentiary, for not less than three, nor more than seven years.

2. *Misjoinder of offenses in indictment.*—Concealing, or aiding to conceal, a stolen horse or mare, knowing the same to have been stolen; and buying, or receiving, a stolen horse or mare, knowing the same to have been stolen,— being offenses which, though of the same character, are not subject to the same punishment, cannot be charged disjunctively in the same count.

FROM the Circuit Court of St. Clair.

Tried before the Hon. WILLIAM S. MUDD.

THE indictment in this case contained but a single count, and charged that the defendants, Gray Barber and Champ Barber, "before the finding of this indictment, bought, received, concealed, or aided in the concealment of, a certain sorrel mare, the personal property of Israel Cottle, knowing such personal property to have been stolen, with the intent to injure or defraud; against the peace and dignity," &c. After conviction, the defendants moved in arrest of judgment, on the following grounds: "1st, because said judgment was rendered on an indictment insufficient in law; 2d, because said indictment charges no offense known to the law; and, 3d, because said indictment is bad for uncertainty." The court overruled the motion in arrest, and sentenced one of the defendants to two years imprisonment in the penitentiary, having granted a new trial as to the other. An exception was reserved by the defendants to the overruling of the motion in arrest of judgment.

JAS. B. MARTIN, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra*.

STONE, J.—Section 3182 of the Code declares, that "any person who receives or buys any horse, mare, gelding, foal, filly, ass or mule, that has been feloniously taken or stolen, knowing that the same has been so taken or stolen," must, on conviction, be imprisoned in the penitentiary, not less than three, nor more than seven years. Code, § 3180.

By section 3178, it is provided that "any person who buys, receives, conceals, or aids in the concealment of any personal property other than slaves, or deed, conveyance, or other writing specified in section 3176, knowing such personal property to have been stolen, or such deed, conveyance or writing to have been taken with the intention to injure or defraud, must, on conviction, be imprisoned in the penitentiary, for not less than two, nor more than

five years." The writings specified in section 3176, are *deeds, conveyances of lands,* and of *personal property,* belonging to another.

While it must be conceded that a *horse, mule,* &c, are "personal property," and comprehended in the generic term employed in section 3178; still, they are the express subjects of the greater offense, denounced in section 3182 of the Code. It can not be supposed, that for buying or receiving a horse, mare, &c., knowing that such horse or mare had been stolen, the legislature intended, by section 3178, to imprison the offender from two to five years in the penitentiary; and for the same offense, under section 3182, to imprison him from three to seven years in the same prison.

Section 3182 makes no provision for the offense of concealing, or aiding in the concealment of a horse, mare, &c., that has been stolen. Section 3178 does declare a punishment for concealing, and for aiding in the concealment of personal property, known to have been stolen. Horses and mares being personal property, and there being no express provision of the statute covering that offense when committed in reference to this species of property, it follows that, for concealing, or aiding in the concealment of the different species of personal property enumerated in section 3182, known to have been stolen, a conviction may be had under section 3178, if the intention to injure or defraud be found, as provided by that section.—See Nabors v. The State, 6 Ala. 200. For buying or receiving a horse, mare, &c., knowing such horse or mare to have been stolen, a conviction can not be had under section 3178 of the Code.—Williams v. The State, 15 Ala. 259; Ham v. The State, 17 Ala. 188; Murray v. The State, 18 Ala. 727.

We have, then, the case of offenses of the same character, but not subject to the same punishment, charged in the same count in the alternative. The statute does not permit this.—Code, § 3506. The offense of buying or receiving a horse, mare, &c., knowing such horse or mare to have been stolen or taken, must be proceeded against under section 3182 of the Code. For concealing,

or aiding in the concealment of such stolen property, the indictment must be framed under section 3178 of the Code.

It results from what we have said, that the circuit court ought to have arrested the judgment of conviction in this case; and for that error, the judgment is reversed, and the cause remanded. Let the prisoner remain in custody, to answer another indictment to be preferred in accordance with this opinion, or until otherwise legally discharged.