## ALSEY AND PHIL. (FREEDMEN) *vs.* THE STATE.

[INDICTMENT FOR STATUTORY OFFENSE OF BRINGING INTO THIS STATE
PROPERTY STOLEN ELSEWHERE.]

1. *Sufficiency of indictment, in description of offense.*—A count in an indict-
ment, which charges that the defendants "did feloi 'ously take, steal,
and lead away two mares, the property of H. H., A. M., J. M. M., and
J. M. W., in the State of Mississippi, and brought the same into the
county of Tuskaloosa in the State of Alabama"; or "the property of
H. H., A. M., J. M. M., and J. M. W., known as H. M. & Co., in the
State of Mississippi, and brought the said mares into the county of
Tuskaloosa," &c., is fatally defective, because it does not show with
with sufficient certainty that the larceny was committed in Missis-
sippi.

FROM the Circuit Court of Tuskaloosa.
Tried before the Hon. WM. S. MUDD.

THE indictment in this case was found in November, 1865,
and was in the following words: "The grand jury of said
county charge that, before the finding of this indictment,
Alsey, a freedman, and Phil., a freedman, did feloniously
take, steal, and lead away two mares, the property of Har-
rison Hale, Abram Murdock, John M. Morgan, and James
M. Wesson, in the State of Mississippi, and brought the
same into the county of Tuskaloosa in the State of Ala-
bama, of the value of five hundred dollars; contrary to the
form of the statute in such cases made and provided, and
against the peace and dignity of the State of Alabama.
And the jurors aforesaid charge, that the said Alsey, a
freedman, and Phil., a freedman, did feloniously take, steal,
and lead away two mares, the property of Harrison Hale,
Abram Murdock, John M. Morgan, and James M. Wesson,
known as Hale, Murdock & Co., in the State of Mississippi,
and brought the said two mares into the county of Tuska-
loosa in the State of Alabama; contrary to the form of the
statute," &c. The defendants interposed no objection to
the indictment, and went to trial on the plea of not guilty.

The jury returned a verdict of guilty, and sentenced both of the defendants to death by hanging. A motion in arrest of judgment, on the ground that the verdict was against the law and evidence, was made, and overruled. There is no bill of exceptions in the record, and the cause is brought up by writ of error.

WM. R. SMITH, for the prisoners.
JOHN W. A. SANFORD, Attorney-General, *contra*.

A. J. WALKER, C. J.—The indictment seems to have been framed in reference to section 3138 of the Code, which is in the words following : "Any person, who feloniously steals the property of another in any other state or country, and brings the same, or any portion thereof, into this State, must, on conviction, be punished in the same manner, and to the same extent, as if the property thus brought into [it] had been stolen in this State." The punishment was ordered by the court below in conformity to the act of October 7th, 1864, by which the larceny of "any negro, horse, mare, gelding, colt, filly, or mule," is subjected to the punishment of death, or the penitentiary, at the discretion of the jury. We thus have the anomaly of a crime declared by one statute, and punished under another. We are not sure that the indictment in such a case ought not to be found under the statute which prescribes the punishment, instead of that which describes the c       ⌐ⅰⅰs was certainly the case under the law as it existeu before the Code.—*Murray v. State*, 18 Ala. 727 ; *Ham v. State*, 17 Ala. 188 ; *Williams v. State*, 15 Ala. 259. There is a slight variation of language in section 3138 of the Code, from the section of the old Penal Code upon the same subject. Whether this variation will justify a different practice from that which was judicially sanctioned before the adoption of the Code, we shall not inquire, because the question has not been argued, and we think the indictment is fatally defective, even though it is admitted to be framed under the proper statute.

The first count of the indictment charges, that the prisoners "did feloniously take, steal, and lead away two mares,

42

the property of Harrison Hale, Abram Murdock, John M. Morgan, and James M. Wesson, *in the State of Mississippi*, and *brought the same into the county of Tuskaloosa*, in the State of Alabama, of the value of five hundred dollars," &c. The law of criminal pleading, as universally accepted, requires that the ingredients of the offense should be stated with certainty and precision.—*Nugent v. State*, 19 Ala. 540. The words, "in the State of Mississippi," do not point with certainty and precision to the larceny. The arrangement of the words and members of the sentence is such, that "in the State of Mississippi" may as well, perhaps better, be understood to refer to the owners of the property, and fix their location. It can only be made out by inference and argument that the larceny was committed in Mississippi, and that is not enough in criminal pleading. —*Nelson v. State*, 6 Ala. 394, 398. The indictment would have been certain and perspicuous on this point, if it had alleged that the accused "*did, in the State of Mississippi, feloniously steal*," &c. But this is not averred, nor is there any equivalent averment.

There are other criticisms made upon the first count of the indictment by the counsel of appellant; but we pass them by without consideration, because we deem the objection already noticed fatal to it.

The second, and only remaining count of the indictment, is obnoxious to the same objection.

The judgment of the court below is reversed, and the cause remanded, in order that the prisoner may be again indicted; and he must remain in custody until legally discharged.—*Beasley v. State*, 18 Ala. 535; *Pleasant v. State*, 17 Ala. 190.