## TURNER *vs.* THE STATE.

[INDICTMENT FOR AIDING IN CONCEALMENT OF STOLEN PROPERTY.]

1. *Demurrer to indictment containing good and bad counts.*—The sustaining of a demurrer to a bad count in an indictment, does not affect the remaining good counts, nor relieve the defendant from liability under them.

2. *Concealing or receiving stolen property; punishment of.*—For concealing, or aiding to conceal, a stolen horse, or other animal specified in section 3182 of the Code, knowing it to have been stolen, a conviction may be had under section 3178; but, for buying or receiving such stolen animal, knowing it to have been stolen, a conviction can only be had under section 3182.

3. *Same.*—The act approved October 7, 1864, which punished horse-stealing, and other offenses therein specified, with death, or ten years' imprisonment in the penitentiary, (Session Acts, 1864, p. 19,) did not repeal section 3178 of the Code, nor affect prosecutions under it.

4. *Same.*—Under section 3178 of the Code, and the act amendatory thereof, approved January 23, 1866, (Session Acts, 1855-6, p. 121,) the punishment for concealing, or aiding in the concealment of stolen property, is imprisonment in the penitentiary, "or fine and imprisonment, one or both, at the discretion of the jury"; but, if the jury impose imprisonment as the punishment, or fine and imprisonment, it is the duty of the court to prescribe the period of the imprisonment. (BYRD, J., *dissenting*, held that the said act of January 23, 1866, was meaningless and void.)

5. *Same; verdict.*—To sustain a conviction under section 3178 of the Code, as amended by the said act approved January 23, 1866, the jury must, by their verdict, determine what the punishment shall be.

6. *Ex-post-facto laws.*—A law which simply provides another alternative punishment for an offense, which is in mitigation of the punishment prescribed by the former law, is not, in its operation on offenses already committed, violative of the constitutional provision against *ex-post-facto* laws.

7. *Second trial after reversal of former conviction.*—Where a judgment of conviction in a criminal case is reversed, on error or appeal, at the instance of the prisoner, he may be tried again; even where the reversal is on account of the insufficiency of the verdict.

FROM the Circuit Court of Tuskaloosa.
Tried before the Hon. WM. S. MUDD.

THE indictment in this case was found at the special November term, 1865, and contained two counts; the first

charging, that the prisoner "did aid in the concealment of a mare, the property of Hale, Murdock & Co., knowing that the said mare was feloniously stolen, taken, and carried away"; and the second, that the mare was "the property of Harrison Hale, Abram Murdock, John M. Morgan, and James M. Wesson, a firm known as Hale, Murdock & Co." The prisoner demurred, "in short by consent," to the whole indictment, and to each count separately. The court sustained the demurrer to the first count, and overruled it as to the second; and the prisoner then went to trial on the plea of not guilty. "On the trial," as the bill of exceptions states, "the prisoner asked the court to charge the jury, that he could not be convicted of the offense charged, under the indictment in this case; which charge the court refused to give, and the prisoner excepted." The verdict of the jury was, "We, the jury, find the defendant guilty, in manner and form as charged in the bill of indictment"; and the court thereon sentenced him to three years' imprisonment in the penitentiary.

E. W. PECK, and W. R. SMITH, for the prisoner.—1. If the case of *Rose v. The State*, (Minor, 28,) is still law, the whole indictment must fall.

2. Under the decision in the case of *Barber v. The State*, (34 Ala. 213,) the intent to injure or defraud ought to have been averred and found.

3. A conviction for the offense charged in this case can not be had under section 3178 of the Code. Section 3180 makes horse-stealing a distinct offense, different from other larcenies; and section 3182 provides for the accessorial offenses of buying or receiving. The other accessorial offenses of concealing and aiding in the concealment of such stolen property, whether omitted inadvertently or designedly, are plainly not provided for; and the courts can not supply the omission.

4. If the principal, before attainder, is pardoned, or his life otherwise saved, the accessory is discharged.—Coke's Institutes, part 3, p. 139. So, if the law which punishes the principal be repealed, the law which punishes the accessory is necessarily repealed with it. Therefore, the act

Turner v. The State.

of October 7, 1864, which repealed section 3180 of the Code, effected a repeal of all accessorial sections, and left the offense in this case without statutory provision for its punishment.

5. If the conviction is sustained under section 3178 of the Code, then the verdict is wholly insufficient, because it does not prescribe the punishment, as required by the amendatory act approved January 23, 1866, which makes the jury the sole judges of the punishment.

6. If the indictment is good, and the verdict insufficient to support a conviction, the prisoner is entitled to be discharged.—*The King v. Boone*, 1 Leading Criminal Cases, 376, and cases there cited.

Jno. W. A. SANFORD, Attorney-General, *contra.*—1. For an offense created by statute, an indictment in the words of the statute is sufficient.—*Lodano v. The State*, 25 Ala. 64; *Smith v. The State*, 22 Ala. 54.

2. For aiding in the concealment of a stolen horse, knowing it to have been stolen, a conviction may be had under section 3178 of the Code.—*Barber v. The State*, 34 Ala. 213.

3. The remark in the case of *Barber v. The State, (supra,)* as to the intent to injure or defraud being found, is a mere *obiter dictum*. The "intent to injure or defraud," as those words are used in section 3178, plainly refer only to the taking of any deed or conveyance mentioned in section 3176, and not to any of the offenses specified in section 3178.

4. The act approved January 23, 1866, amendatory of section 3178, ameliorates the punishment of the offense, and, therefore, is not objectionable as an *ex-post-facto* law. *Calder v. Bull*, 3 Dallas, 391.

5. Under this law, the jury have the power to fine or imprison, or to impose both punishments; and if they fail to exercise that discretionary power, it then becomes the duty of the court to prescribe the punishment, within the limits specified in the law.

JUDGE, J.—1. The advantages of different statements, in distinct counts of an indictment, are very apparent, and the cautious pleader will always insert as many counts as

may be necessary to meet every possible contingency. This the law permits; and it is also well settled, that a general verdict of guilty, under an indictment containing both good and bad counts, will be referred to the good counts, and the judgment of conviction thereupon sustained. —*Shaw v. The State*, 18 Ala. 547; *Hudson v. The State*, 34 Ala. 253. If an indictment, then, should contain both good and bad counts, no sufficient reason can be perceived, why a demurrer may not be sustained to the bad, without affecting the good counts, or the prisoner's liability thereunder. A *motion to quash* being different from a *demurrer*, the result might be changed if the bad counts were quashed.—*Rose v. The State*, Minor, 28. But, it has been held in Tennessee, that a judge may, at his discretion, quash a defective count in an indictment, without quashing the entire indictment. *Jones v. The State*, 6 Humph. 435. Be this as it may, we hold that the court, in the case before us, did not err in overruling the demurrer to the second count of the indictment, and holding the prisoner to answer thereto, after the first count had been held bad on demurrer.—Wharton's Criminal Law, § 427, and authorities there cited. If such was not the law, there could be no such thing as separate demurrers to distinct counts of an indictment; but a demurrer to any one count, would be equivalent to a demurrer to the whole indictment.

2. A conviction may be had under section 3178 of the Code, for concealing, or aiding to conceal, a horse, mare, or other animal specified in section 3182, knowing the same to have been stolen, notwithstanding the latter section provides for the punishment of the offense of buying or receiving the same species of property, knowing the same to have been stolen.—*Barber v. The State*, 34 Ala. 213. But, in the opinion of the court in *Barber v. The State*, a remark was made, not necessary to the decision of any question involved in the cause, and to which we can not give our assent. The remark to which we allude, is *italicized* in the following quotation from the opinion : "It follows, that, for concealing, or aiding in the concealment of the different species of personal property enumerated in section 3182, known to have been stolen, a conviction may be had under

section 3178, *if the intention to injure or defraud be found, as provided by that section.*" To show the incorrectness of the remark italicized above, it is necessary to examine section 3178, in connection with section 3176. The latter section provides as follows : "Any person who takes, or destroys, any deed, or conveyance, of lands, or personal property, belonging to another, *with the intent to injure or defraud,* must, on conviction, be punished as if guilty of grand larceny." Section 3178 provides, that "any person who buys, receives, conceals, or aids in the concealment of, any personal property, or deed, conveyance, or other writing specified in section 3176, knowing such personal property to have been stolen, *or such deed, conveyance, or other writing to have been taken with the intention to injure or defraud,* must, on conviction, be imprisoned," &c. The reading of the two sections, we think, clearly shows, that in no prosecution under section 3178, is it necessary to be either *averred, proved,* or *found,* before a conviction can be had, that the offense charged was committed with the intention to injure or defraud. In a prosecution under this section, *relating to personal property* that had been stolen, it would be necessary to aver and prove that the act charged was committed, "*knowing the property to have been stolen*"; and in such prosecution, *relating to any writing specified in section* 3176, it would be necessary to aver and prove that the offense charged was committed, "*knowing the deed, conveyance or writing, to have been taken with the intention to injure or defraud.*" This erroneous remark corrected, we hold *Barber v. The State* to be a sound exposition of the law; and we have been the more particular in correcting it, because the remark is relied on as authority to defeat the prosecution in the case before us.

3. The act of the 7th of October, 1864, (Session Acts, p. 19,) provides for the punishment of horse-stealing with death, or ten years' imprisonment in the penitentiary. It is contended that this act not only repealed section 3180 of the Code, the prior law fixing the punishment of the same offense, but that it also repealed the accessorial section, 3178, under which the present indictment was found ; and that, therefore, at the time of the commission of the al-

2

leged offense in this case, there was no statutory law for its punishment. It needs no argument to show the unsoundness of this position. The act of the 7th of October, 1864, did not leave the offense of horse-stealing without statutory law for its punishment; it only *changed the punishment of the offense ;* and to hold that such change repealed the accessorial section, 3178, would be making an application of the doctrine of repeal by implication, that could not be sustained by either principle or authority.

4. The legislature, by an act approved January 23, 1866, (Acts 1865–6, p. 121,) amended the section of the Code under which the indictment was found, by adding, at the end of the section, the following words : " or by fine and imprisonment, one or both, at the discretion of the jury trying the same " ; thus making the section read, in so far as it relates to the punishment, as follows : " must, on conviction, be imprisoned in the penitentiary, not less than two, or more than five years, or by fine and imprisonment, one or both, at the discretion of the jury trying the same." A very cursory reading is sufficient to show what was intended by the legislature in making this amendment; it was to provide *alternative punishments,* at the discretion of the jury ; and by supplying the words, "*be punished,*" after the word "*or* ", where it first occurs in the amendment, so that it will read, "*or be punished,*" &c., what is simply a verbal inaccuracy will be corrected. It is a cardinal rule in the construction of a statute, that effect is to be given, if possible, to every clause and section of it ; and it is the duty of courts, as far as practicable, so to reconcile the different provisions as to make the whole act consistent and harmonious. If this becomes impossible, then we are to give effect to what was manifestly the intention of the legislature, though by so doing we may restrict the meaning or application of general words.—Sedg. Stat. and Con. Law, 238.

The Code provides, (§§ 3620, 3621, 3622,) that "where an indictable offense is punished by fine only, or by fine and imprisonment, the jury must assess the fine, unless it is otherwise provided " ; that "the court, in all cases, must fix the imprisonment, unless the power is expressly con-

ferred on the jury"; and that "imprisonment in the penitentiary must in no case be inflicted by the court, unless the power is expressly given." Under these sections, construed in connection with section 3178, as amended, is it for the *court* or the *jury*, on a verdict of guilty, in a prosecution under the last-named section, to fix the punishment of imprisonment, if such punishment is prescribed? The proper construction of these sections forces us to the conclusion, that in every such case it is for the jury to *prescribe*, and the court to *fix* the period of, the imprisonment; *prescribing* and *fixing* the period of imprisonment being separate and distinct things. Under the clear and explicit language of section 3621, as we have seen, "the court, *in all cases*, must fix the imprisonment, *unless the power is expressly conferred on the jury.*" Now, does section 3178, as amended, expressly confer on the jury the power to fix the imprisonment, either in the penitentiary, or in the county jail? Whatever may have been the intention of the legislature in the passage of the amendment, the answer must be that it does not; and such power not being expressly conferred, the conclusion attained, that the court must fix the period of imprisonment, is irresistible. And the soundness of this conclusion is not at all shaken by the words, "*at the discretion of the jury*", where they occur in the amendment. The discretion conferred by these words refers exclusively to the "fine and imprisonment, one or both", provided as an alternative punishment; and, if a fine be imposed, or, "*at the discretion of the jury*", a fine be imposed *and* imprisonment prescribed, in either event, section 3620 expressly limits the power of *the jury* to the assessment of the *fine*, while the succeeding section (3621) expressly confers upon *the court* the exclusive power to fix the period of *imprisonment*.

"Imprisonment in the penitentiary", or "fine and imprisonment, one or both, at the discretion of the jury", are *alternative* punishments, *both* presenting but a *single* choice. That choice rests exclusively with the jury: they may prescribe either the one or the other; so that, as to these alternatives, the jury, necessarily, have the same discretion that they have as to fine and imprisonment, one or both, if

that be the alternative adopted. It is clear, then, that the words, "at the discretion of the jury", in the amendment, do not militate against the conclusion attained as to this part of the case.

5. Under section 3178, as amended, the punishment to be inflicted on a verdict of guilty, is an essential ingredient of the verdict; and no sentence of punishment by the court is authorized, unless the verdict shows the punishment to be inflicted. In every such case, it is the right of the accused to have the question of his punishment considered and passed upon by the jury; and it cannot be known that this right has been accorded to him, unless the verdict shows it. This right is of no minor importance; for, if the question of punishment is considered, the milder or less rigorous may be imposed; and to sustain a verdict silent upon this question, would place the accused in a position powerless for redress, if the jury should, either from incompetency, negligence, or willful refusal, fail to accord to him this clear legal right. We cannot, to sustain the verdict in the case before us which is thus defective, make the intendment that the jury properly passed upon the question of punishment; such a conclusion would be at war with every just and benign principle on which our system of criminal law is founded, as it might result *in depriving the accused of a clear legal right by intendment, without fault or neglect, or even implied acquiescence, on his part.* We can never give our assent to the establishment of such a principle.

We think it a correct legal proposition, that the verdict alone can be looked to for the action of the jury as to all questions legitimately involved in, and necessary to be decided by it; and if the proper action upon all such questions is not affirmatively shown by the verdict, the legal presumption is, that the consideration of them was omitted by the jury. Let us apply this rule to the verdict in the case before us, which is in the following words : "We, the jury, find the defendant guilty, in manner and form as charged in the bill of indictment." Now, if the rule stated above be correct, the conclusion is excluded by the verdict

itself, that the jury passed upon any other question than that of the guilt or innocence of the accused.

But further : If the accused had pleaded guilty, or confessed his guilt, would the record have shown more than is shown by the verdict, viz., " that the accused was guilty, in manner and form as charged in the bill of indictment"? In the event of such a plea, could the court have fixed the punishment, without the intervention of a jury? If it could not, then the sentence of the court on the verdict in the case before us, was unauthorized ; if it could, then the statute prescribing alternative punishments at the discretion of the jury, is a nullity.

In such a prosecution, it is a mistake to suppose that the verdict of the jury, on a finding of guilty, determines whether the offense charged is a *felony* or a *misdemeanor*. A felony, within the meaning of our Code, " is a public offense, punished with death, or which is *or may be* punished by confinement in the penitentiary."—Code, § 3071. In every such prosecution, the punishment *may be* imprisonment in the penitentiary ; consequently, every offense denounced by the section is a felony ; and the same remark is applicable to section 3085 of the Code, which provides alternative punishments for the offense therein named, in terms similar to those used in the statute before us.

6. The amendment to section 3178 did not change the punishment, and inflict a greater punishment than the law annexed to the crime when committed ; it simply provides a *mitigated alternative punishment*, at the discretion of the jury ; fine, or fine and imprisonment in the county jail, one or both, at the discretion of the jury, being considered a mitigated punishment, as compared with imprisonment in the penitentiary not less than two, nor more than five years. Therefore, the amendment in question is not obnoxious to the objection of being an *ex-post-facto* law, within the prohibition of the constitution.—*Calder v. Bull,* 3 Dallas, 386 ; 1 Bishop's Criminal Law, § 219, and authorities there cited.

7. The reversal of the judgment, because of the defective verdict of the jury, and unauthorized sentence of the

court thereon, will not entitle the prisoner to be discharged, as is contended. It is the settled law of this State, that if one has been convicted of a felony, and the judgment has been reversed at his instance, or a new trial granted on his motion, he may be tried again.—*Cobia v. The State*, 16 Ala. 781.

For the error we have pointed out, the judgment is reversed, and the cause remanded ; and the prisoner will remain in custody until discharged by due course of law.

BYRD, J.—I dissent from the conclusion arrived at by the court. I think that the verdict and judgment are correct, and, therefore, should be affirmed. I hold, that the amendment to section 3178 of the Code is void and inoperative. So much of that section as considered necessary, and the amendment thereto, the latter being in italics, are as follows : " must, on conviction, be imprisoned in the penitentiary, not less than two, or more than five years, *or by fine and imprisonment, one or both, at the discretion of the jury trying the same.*" After the first "*or*" in the amendment, it is legitimate to imply the words "*be imprisoned*"; and, after diligent search, I find no authority for interpolating the word "punished" for imprisoned, as my brethren have done. In no definition to be found is the latter defined to be the synonym of the former ; nor is the word "punish," or any of its derivatives, used to define the word "imprison," or any of its derivatives.

Mr. Bishop, in his eminent work on Criminal Law, (2 ed. § 67,) says : " But we can not import into an act words which the legislature did not put in it"; and see the authorities cited by him. Words may be transposed ; a disjunctive conjunction has been construed as a conjunctive conjunction, and *vice versa ;* and words which have been used in one place in a section of an act, may be understood as used where omitted ; as in the case above mentioned in the section under consideration, the words "be imprisoned" may be understood after the word "or" in the amendment. But I have never found in any law-book any principle which would authorize a court to substitute words not used in the act.

Turner v. The State.

Again, if the words "be imprisoned" are to be understood after the first word in the amendment, then, to my mind, the amendment is an absurdity and senseless, and therefore it should be held to be void. And even if the words "be punished" were understood, then the words "imprisonment," and "one or both, at the discretion of the jury," are so loose and uncertain in their meaning that the amendment should be held to be void. Who can say whether the word "imprisonment" means imprisonment in the penitentiary, provided in that section of the Code, or imprisonment in the jail of the county, as provided in section 3301 of the Code? And who can tell whether the words "one or both, at the discretion of the jury," give them a discretion only as to the fine and imprisonment prescribed in the amendment, if imprisonment there means in the county jail, or whether it gives the jury a discretion between the imprisonment prescribed in that section of the Code, and the "fine and imprisonment" prescribed in the amendment?

A statute may be drawn in terms so ambiguous, or confused, that the courts can not, with reasonable certainty, discern its meaning; and then they should pronounce it void for this cause.—*The State v. Boon,* 1 Taylor, 246; *Chezem v. The State,* 2 Carter, (Ind.) 149; *ib.* 523; 1 Bish. Cr. Law, § 55. In section 88 Mr. Bishop says, that the courts "can *only use the material which these laws furnish them.*"

For these reasons, I hold the amendment to be wholly inoperative. I express no opinion upon the proper construction of the amendment, as I do not reach that point in the course of my investigation.