State *v.* Matthews.

STATE *v.* MATHEWS.

(*Jackson.*    May 16, 1889.)

LARCENY.    *What is.    Where triable.*

Larceny is consummated in Tennessee, where goods stolen in another State are carried by the thief,* *animo furandi*, into this State; and the offense is triable in any county into which the goods are brought— each removal being a continuance of the trespass, and, in legal contemplation, a new caption and asportation.

Code construed: § 5805 (M. & V.), § 4977 (T. & S.).

Cases cited and approved: Henry *v.* State, 7 Cold., 334; State *v.* Margerum, 9 Bax., 362; 3 Stewart, 123; 39 Ala., 654; 12 Mo., 453; 11 Wend., 129; 40 Ala., 44; 24 Mich., 166.

Cited and distinguished: Simpson *v.* State, 4 Hum., 456.

---

FROM SHELBY.

---

Appeal in error from Criminal Court of Shelby County.    J. J. DUBOSE, J.

Attorney-General PICKLE and GEO. B. PETERS for State.

No counsel marked for Defendant.

---

*A person, other than the thief, bringing property stolen in another State into this State, knowing it to be stolen, is punishable under Act 1875, Ch. 31.    (Code, §§ 5462–5464 (M. & V.).)--REPORTER.

43

LURTON, J.    The indictment charges that the defendant feloniously stole certain property in the State of Mississippi, with the intent to bring it into Tennessee, and then brought it, in pursuance of his felonious design, into Shelby County, in this State, and there stole, took, and carried away the same, thereby being guilty of larceny in the county of Shelby and State of Tennessee.    Upon motion the indictment was quashed, His Honor, the Criminal Judge, being of opinion that the facts charged did not constitute a larceny committed in this State.    In *Simpson* · v.    *State,* 4 Hum., 456, Judge Turley said that an indictment for larceny would not lie where the property is stolen in another State and brought by the thief into this, and who is here found in possession.    The case was decided, however, upon another point, and what was said upon the matter now involved was not necessary to a decision of the case.

Section 4977 of the Code, subsequently enacted, reads as follows: "Where property is stolen in another State and brought into this State, the jurisdiction is in any county into which the property is brought."    This section is found in the chapter relating to the local jurisdiction of offenses.

It is followed by a section prescribing that "where property is stolen in one county and brought into another, the jurisdiction is in either county."

Both of the quoted sections are taken from the Code of Alabama, and the first has there been

construed as constituting the crime of larceny, in that State, of goods stolen in another. *State* v. *Levy*, 3 Stewart, 123; *Alsey* v. *State*, 39 Ala., 654.

We are of opinion that under this section the indictment will lie. It was obviously intended to make the thief who brings stolen property into this State, and is here found in the fraudulent and felonious possession, appropriating it to his own use, guilty of the crime of larceny, upon such facts, in this State. There can be no doubt of the power of the Legislature to pass such a law. As remarked by the Supreme Court of Missouri, "the Legislature punishes the offense committed in this State by bringing the stolen property into it, and in doing so they merely codify a settled principle of the common law applicable to different counties, and extend it here to neighboring States and foreign countries." 12 Missouri, 453.

Such statutes have been held valid whenever questioned. *People* v. *Bush*, 11 Wend., 129; *Alsey* v. *State*, 39 Ala., 664; *Laraul* v. *State*, 40 Ala., 44; *People* v. *Williams*, 24 Mich., 166.

The Act proceeds upon the well understood principle that the continued possession of stolen property, *animo furandi*, is, at every step, a new caption and asportation. This view has always been held at common law; and that therefore the stealing of property in one county of the State and taking it into another was larceny in the latter county. Every moment's possession by the

thief is a continuance of the trespass, and amounts, in legal contemplation, to a new caption and asportation. *Henry* v. *State*, 7 Cold., 334; *State* v. *Margerum*, 9 Bax., 362.

This principle is extended by the statute to larcenies begun in another State.

The judgment will be reversed, and case remanded for further proceedings.