# Benson *v.* The State.

*Indictment for Using Insulting Language in Presence of Female.*

1. *Constituents of offense.*—The words " *If you don't give up my pistol, I'll knock your brains out, by God*," if addressed to a man, would doubt-less be construed as insulting, and would tend to provoke a breach of the peace; and when addressed to a woman, in the dwelling-house of another person, are violative of the statute (Code, § 4203) prohibiting the use of "abusive, vulgar, or insulting language" under such circum-stances.

2. *Organization of grand jury ; supplying deficiency of original panel.* In the organization of the grand jury, when it becomes necessary to supply a deficiency of the original panel, the necessary additional per-sons must be summoned "from the qualified citizens of the county" (Code, § 4754) ; and if the record shows that the court ordered them to be summoned "from the bystanders," the irregularity will work the re-versal of a judgment of conviction under an indictment found by the grand jury thus constituted.

FROM the Circuit Court of Chilton.

Tried before the Hon. JAMES E. COBB.

The indictment in this case contained but a single count, which charged that the defendant, Benjamin Benson, "en-tered into the dwelling-house of Polly Roberson, or upon the curtilage thereof, and in the presence of the family of the owner or possessor thereof, or of any member of her family, or of a female, and made use of abusive, insulting, or abusive (?) language, in substance to-wit, speaking to his niece, said, *If you don't give up my pistol, I'll knock your brains out, by God. Do you*, speaking to another man, Mordecai Robinson, *take it up?* and words to that purport." There was a demurrer to the indictment, but upon what grounds the record does not show ; and the demurrer being overruled, issue was joined on the plea of not guilty. "On the trial," as the bill of exceptions states, " the State introduced testi-mony tending to show that the language charged was used at the place charged in the indictment, and in said county of Chilton, and that the female named in said indictment was present at the time. Thereupon, the defendant asked the court, in writing, to charge the jury, that, if they believed

(33)

[Benson v. The State.]

the evidence, they must find the defendant not guilty. The court refused to give this charge, and the defendant excepted to its refusal."

W. A. COLLIER, for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The present indictment was found at the Spring term, 1879, before the enactment of the statute to amend section 4203 of the Code of 1876, approved March 1st, 1881.—Pamph. Acts, 30.   The purpose of that section of the Code was to shield the family residence, or dwelling, from abusive, insulting or vulgar [obscene] language, uttered in the presence of the family, or any member thereof, or of any female.   The language charged and proved in this case, was addressed to a female in the dwelling-house of another, was coarse, menacing, and emphasized with gross profanity. If the same language had been used to a male, it would doubtless have been construed as insulting; and would have tended to provoke a breach of the peace.   Indeed, the defendant himself seems to have considered it insulting; for he turned immediately to a gentleman present, and inquired if he 'took it up.'   Why make this inquiry, if there was no insult to be resented, or taken up?   We would be loth to hold that language which would insult a man, would not be insulting to a female, because, by reason of her sex and gentler nature, she would not resent it with blows.

There is a point, however, on the organization of the grand jury, which must cause a reversal of this case.   To complete the number of the grand jury up to fifteen, the statutory requisition, it became necessary for the presiding judge to order an additional number of persons to be summoned.   In making the order, he fell into the error of directing them to be summoned from the bystanders.—*Finley v. The State,* 61 Ala. 201;  *Cross v. The State,* 63 Ala. 40.

The judgment of the Circuit Court is reversed, and the cause remanded, that the Circuit Court may quash the indictment.   Let the defendant remain in custody, until discharged by due course of law.