# Emmonds v. The State.

*Indictment for Burglary.*

1. *Sufficiency of indictment in averring ownership of house.*—An indictment for burglary, in breaking and entering the store-house "of the Perry Mason Shoe Company," must either allege that said company is a corporation, or, if it be a partnership, must allege that fact, and state the names of the individual partners, showing that the defendant is not one of them.

FROM the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The defendants in this case, John Emmonds and Henry Williams, were jointly indicted for burglary, in breaking and entering "the store of the Perry Mason Shoe Company;" were jointly tried and convicted, and sentenced to the penitentiary for the term of two years. There was no demurrer to the indictment, and no motion in arrest of judgment. On the trial, as the bill of exceptions states, "it was proved that the Perry Mason Shoe Company was a corporation, duly organized under the laws of Alabama, and composed of divers persons;" and thereupon the defendants asked the court to charge the jury, "that if they find from the evidence that the Perry Mason Shoe Company is a corporation, there is a fatal variance between the allegations and the proof, and they can not find the defendants guilty." The court refused this charge, and the defendants excepted.

No counsel appeared in this court for the appellants.

W. L. MARTIN, Attorney-General, for the State, cited 1 Bish. Crim. Pro., § 576; *Seymour v. Thomas Harrow Co.*, 81 Ala. 250; An. & Ames on Corp., § 632; 1 Archb. P. & Ev. 245; 2 *Ib.* 1167; *Lockett v. State*, 63 Ala. 5; 4 Amer. & En. Encyc. Law, 285, note.

McCLELLAN, J.—The indictment charges the breaking and entering "of the store of the Perry Mason Shoe Company," with the intent to steal, &c. The sole question presented by the record for our consideration is, whether the allegation as to the ownership of the house entered is sufficient. One of the essentials of a charge, in offenses against property, is the negation of the defendant's ownership, by such averments as show affimatively, that the property, general or special, against which the crime is laid, is in another. It is on this principle that indictments charging offenses against the property of partnerships are bad, unless the names of the individuals composing the firm are set out; for otherwise it is not shown that the crime could have been committed of the property, as *non constat*, but that the defendant is one of the partners, and as such is entitled to do, with respect to the partnership property, the precise thing charged against him as a crime.—*Davis v. State*, 54 Ala. 88; *Beall v. State*, 53 Ala. 460; *Graves v. State*, 63 Ala. 134.

If the property is laid in a corporation, it is not necessary to state the names of its shareholders, as they, in their individual capacities, have no more control or possession of it than strangers, and whether the defendant be a shareholder or not is immaterial. But the indictment should aver facts which show that the company is a corporation. The use of a name which may import a corporation, or which, on the other hand, may be that of a voluntary association or a simple partnership, will not suffice. It is enough in civil causes, depending on corporate character, at least on appeal, to allege a name appropriate to a corporation (*Seymour v. Thomas Harrow Co.*, 81 Ala. 252); but the rule which requires indictments to aver every fact necessary to an affirmation of guilt, is not satisfied, as long as any one of these facts is left to implication or inference. The Perry Mason Shoe Company bears a name appropriate to corporate existence; yet it may be that of a voluntary association of two or more individuals, each having the right to break into and enter the store-house of the company, and, for aught that appears in the indictment, the defendant may be one of these associates; so that, if every fact set forth be admitted, the court could not say that the defendants were guilty of the crime of burglary. These considerations lead us to the conclusion, which is supported by the weight of authority, that when property, against or in reference to which an offense is charged, belongs to a private corporation, the fact that the

[Coleman v. The State.]

company is a corporation must be alleged —*People v. Swartz*, 32 Cal. 160; *Wallace v. People*, 63 Ill. 452; *State v. Mead*, 27 Vt. 722; *Cohen v. People*, 5 Park. C. R. 330; 2 Russ. on Crimes, 100; Whart. Cr. Pl. & Pr., § 110 (n. 1); *Johnson v. State*, 73 Ala. 483.

If the Perry Mason Shoe Company is a corporation, that fact is not alleged; if it be a partnership, the names of the partners are not given; and in either view, the indictment was bad.

The judgment must be reversed, and the cause remanded.