# Aldridge *v*. The State.

88  113
96  491

## Indictment for Burglary.

1. *Ownership of house; variance.*—Under an indictment which charges burglary in breaking and entering "a storehouse of W. M. B., business manager of Beulah co-operation store of the Beulah Alliance," a conviction can not be had on proof that the store belonged to said corporation, and that said B. had charge of it as the salaried agent, or business manager of the corporation.

FROM the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

The indictment in this case charged, in a single count, that the defendants, Henry Aldridge and others, "broke into and entered a building, to-wit, a storehouse of Wilburn M. Bass, business manager of Beulah co-operation store of the Beulah Alliance, in which a valuable thing, to-wit, goods or merchandise, was kept for use, sale or deposit, with intent to steal." On the trial, as the bill of exceptions recites, "There was evidence tending to show that the storehouse charged to have been broken into was the property of a private corporation, to-wit, the Beulah Alliance; that Wilburn M. Bass was a salaried officer or agent of said corporation, and was the business manager of the same, and as such was in possession and control of said storehouse at the time of the alleged breaking; that said Bass had been in the exclusive

8

possession and control of said building for fourteen months; that as a member and stockholder of Beulah Alliance he was part owner of said building, and that he had a post-office therein, with which the Alliance had nothing to do." The defendants thereupon asked the following charges in writing, duly excepting to the refusal of each: (1.) "If the jury believe from the evidence that W. M. Bass was in possession of, and held said building or storehouse as an agent or officer of the Beulah Alliance, a private corporation under the laws of Alabama, they can not convict the defendants on this trial." (2.) "If the jury believe from the evidence that W. M. Bass was a salaried officer or agent of the Beulah Alliance, which is a private corporation, and that at the time of the alleged breaking he was in possession of said storehouse in this capacity; then they can not convict said defendants for breaking into a store-house of W. M. Bass, although he may have been the business manager of said corporation." These were the only exceptions reserved.

Wm. L. Martin, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was convicted of the burglary of a storehouse, in which goods and merchandise were stored.—Crim. Code, 1886, § 3786. The objection urged is an alleged *variance* between the averment of ownership in the indictment, and the proof of such ownership. The indictment lays the ownership in one "Wilburn M. Bass, business manager of Beulah co-operation store of the Beulah Alliance." The evidence tends to show that Bass was the salaried agent of the "Beulah Alliance," which was a body corporate, and that he had charge of the store as the servant of the corporation. It also tends to show that he used the store as a post-office—a business with which the Alliance had no connection. Whether this occupancy was by mere license, or otherwise, does not affirmatively appear from the evidence.

Where premises, belonging to a corporation, are occupied by a naked agent or servant of the corporation, the rule is, that the ownership must be averred to be in the corporation, and not in the agent. And the corporate name and character of the owner must be stated.—Clark's Man. Cr. Law, § 872; *Emmonds v. State*, 87 Ala. 12; 2 Archbold's Crim. Pl. & Prac. (Pomeroy), 1093-1101; 2 Amer. & Eng. Encyc. Law, p. 682, 683; 2 Bish. Cr. Law (3d Ed.), §§ 137-138.

[Newman v. The State.]

The use of the store room for receiving and distributing the United States mails does not appear to rise to the dignity of a tenancy, estate, or other ownership in the premises. And this collateral business being carried on in the mode known to be customary in this country, there is no presumption that there was a *letting* of the premises to Bass for this purpose, but rather a *license;* and this fact would not disturb the ownership of the corporation, or its constructive possession through Bass as their agent.—2 Archbold's Cr. Pl. & Pr. (Pomeroy), p. 1098, *note;* 2 East P. C. c. 15, § 14; pp. 501-502. The allegation of the indictment, moreover, is, that his occupancy was in the capacity of an agent of the Beulah Alliance—not of the Federal Government—and this negatives the idea of a tenancy or ownership in himself personally. The alleged breaking, in other words, is into a store-house as such, not into a post-office.

The court erred in refusing to give the two charges requested by the defendants.

Reversed and remanded.