# Anderson *v.* The State.

*Indicement for buying or receiving Stolen Property.*

1. *Buying, receiving or concealing stolen property; sufficiency of indictment.*—An indictment which charges that the defendant "did buy, receive, conceal or aid in the concealment of" certain personal property of a designated value and belonging to a certain named person, without averring that the defendant knew the property described was stolen and had not the intent to restore it to the owner, is insufficient to charge the offense made punishable by the statute, (Code, § 5054), and will not support a judgment of conviction.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant in this case was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, James M. Anderson did buy, receive, conceal or aid in the concealment of nine bronze or brass furnace coolers, of the value of eighty dollars each, and eight bronze or brass tuyers, of the value of twenty dollars each, the personal property of the Birmingham Furnace and Manufacturing Company, a body corporate, against the peace and dignity of the State of Alabama." It is unnecessary to set out in detail any of the facts of the case.

The defendant requested the court to give to the jury the general affirmative charge in his behalf, and duly excepted to the court's refusal to give such charge as asked.

BOWMAN & HARSH, THOS. G. & CHAS. P. JONES and C. P. BEDDOW, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—In omitting averments to effect that defendant knew the property described in the indictment

[Butler v. The State.]

was stolen and had not the intent to restore it to the owner, the indictment in this case fails to charge the offense made punishable by section 5054 of the Code, or any other offense. The criminal court cannot acquire jurisdiction or render a legal judgment of conviction except upon a charge preferred, of conduct which by law is made criminal.—*Smith v. State,* 63 Ala. 55; *Miles v. State,* 94 Ala. 106.

The judgment will be reversed and the cause remanded.