# Musgrove *v.* The State.

### *Indictment for Trespass after Warning.*

1. *Trespass after warning; sufficiency of indictment.*—An indictment for trespass after warning, which fails to aver that the trespass was committed within six months after the warning not to do so, (Code, § 5606), is fatally defective and subject to demurrer.

APPEAL from the County Court of Cullman.

Tried before the Hon. S. L. FULLER.

The appellant in this case was tried and convicted under the following indictment: "The grand jury of said county charges that before the finding of this indictment Philip Musgrove, without legal cause or good excuse, did enter upon the premises of Mrs. Lizzie Mitchell after having been warned not to do so, against the peace and dignity of the State of Alabama."

The defendant demurred to this indictment, among others, upon the following ground: "Because said indictment does not state or allege that the trespass was committed within six months after being warned." This demurrer to the indictment was overruled.

Under the opinion on the present appeal, it is not necessary to set out the facts of the case.

W. T. L. COFER, for appellant.—The indictment was defective in failing to allege that the trespass was committed within six months after warning not to do so, Code, § 5606; *Watson v. State*, 63 Ala. 21; *Miles v. State* 94 Ala. 106; *Withers v. State*, 117 Ala. 92.

MASSEY WILSON, Attorney-General for the State, cited *Watson v. State*, 63 Ala. 19; *Owens v. State*, 74 Ala. 401; *Tindall v. State*, 117 Ala. 693; Code, § 5606.

TYSON, J.—The indictment upon which the defendant was tried and convicted is fatally defective, in not averring that the trespass was committed within six months after the warning.—Code, § 5606. It charges no offense and will not, therefore, support a judgment of conviction.—*Anderson v. State*, 130 Ala. 126.

It is unnecessary to consider the exceptions reserved during the thial, since the judgment of conviction must be reversed on the point considered.

Reversed and remanded.