# Burrow v. The State.

*Burglary.*

(Decided June 30, 1906. 41 So. Rep. 987.)

1. *Burglary; Plea; Corporate Capacity; Proof.*—In the absence of a plea denying the existence of the corporation, it was unnecessary, under Acts 1900-1, p. 2285, to prove incorporation, on a charge of burglarizing a railroad car, the property of the Southern Ry. Co., a corporation.

2. *Indictment; Designation of Person Owning Property.*—A count of an indictment charging grand larceny, which lays the ownership of the property in the So. Ry. Co., but failed to allege that it was a corporation, partnership or person, is fatally defective.

3. *Criminal Law; Indictment; Counts; Verdict.*—Where an indictment contained a count for burglary, and one for grand larceny, which latter count is defective, and a verdict was rendered finding the defendant guilty on both counts, and he was sentenced only for burglary, he was not prejudiced by the defects in the second count.

4. *Burglary; Railroad Cars; Ownership.*—The ownership of the car was properly laid in the Southern Ry. Co., which company at the time of the alleged burglary was using the car for the transportation of freight, although the car belonged to the Illinois Central.

APPEAL from Cleburne County Court.

Heard before Hon. T. A. JOHNSON.

The defendant was tried and convicted of burglary from a railroad car. The facts are stated in the opinion.

BURTON & McMAHAN, for appellant.—Counsel discussed the proper construction of the various acts in reference to the removal of the court from Edwardsville to Heflin but cite no authorities.

There is a fatal variance between the proof and the allegation as to the ownership of the car alleged to have been broken.—*Johnson v. State,* 98 Ala. 57.

MASSEY WILSON, Attorney General, for State.—The petition for the removal of the county seat, the order for

[Burrow v. The State.]

the election, the appointment of the board of commissioners of election, and the holding of the election and declaration of the result were all in accordance with the statute and this court was properly held at Heflin.— *Jackson v. State,* 102 Ala. 76; *Joiner v. Winston,* 68 Ala. 129; *Chamblee v. Cole,* 128 Ala. 649; *Goodwater Co. v. Street,* 137 Ala. 621; *State v. Johnson,* 16 So. Rep. 786; *Davis v. State,* 141 Ala. 84; 15 Cyc. 387; 10 A. & E. Ency. of Law, pp. 761-763. There was no variance between the proof and the allegation of the indictment as to the ownership of the car.—*Johnson v. State,* 73 Ala. 485; *Johnson v. State,* 111 Ala. 66; *Allen v. State,* 134 Ala. 159; *Viberg v. State,* 138 Ala. 100; 5 A. & E. Ency. of Law, p. 530; 20 Ib. 80; 23 Ib. 731.

DENSON, J.—The indictment as returned by the grand jury contained three counts. On motion of the defendant the third count was stricken. The first count charges burglary of a railroad car, the property of the Southern Railway Company, a corporation under the law of the state of Virginia, and in all essential particulars the count is sufficient.—Code 1896, § 4418. No plea denying the existence of the corporation was filed. Hence there was no necessity for proving the incorporation as alleged.—Acts of 1900-01, p. 2285. The second count attempts to charge grand larceny. The ownership of the property is laid in the Southern Railway Company, but there is no averment in this count that it is a corporation, a partnership, or a natural person. On the reason employed in the case of *Emmonds v. State,* 87 Ala. 12, 6 South. 54, and on the authority of that case, it must be held that the count is insufficient with respect of the allegation of ownership of the property alleged to have been stolen. But this will not work a reversal of the judgment; for, while the verdict of the jury finds the defendant guilty on the first and second counts, and the judgment of the conviction follows the verdict, yet the record affirmatively shows that the defendant was sentenced only for the offense of burglary. We are therefore able to say that we are satisfied that no injury

resulted to the defendant on account of this defective count and the finding of the jury on it.—Code 1896, § 4333.

The evidence showed without conflict that, while the car burglarized was "an Illinois Central Railroad car," it was in use by the Southern Railway Company for the transportation of freight. The goods that were in the car at the time had been brought in the car by the Southern Railway Company over its line to Heflin, the point where the burglary was committed, and the car was in that company's undisputed possession, on its tracks at the time. Under these facts the ownership was properly laid in the Southern Railway Company.— *Matthews' Case,* 55 Ala. 65, 28 Am. Rep. 698; *Allen's Case,* 134 Ala. 159, 32 South. 318. The case of *Johnson v. State,* 111 Ala. 66, 20 South. 590, is not in conflict with the views expressed above, but the opinion in that case sustains the conclusion here reached. In that case the ownership was averred as being in the Alabama Mineral Railroad Company, a corporation, and the evidence upon which the opinion was based showed neither property, general or special, in, nor possession of, the car in the Alabama Mineral Railroad Company.

All other questions presented by this record are settled adversely to the defendant in the cases of *Ex parte Bud Owens,* 42 South. 676 and *Burgess v. State,* (at present term) 42 South. 681.

No error has been found in the record, and the judgment appealed from is affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.