# Mazett v. The State.

## Receiving Stolen Goods.

(Decided December 15, 1914. 66 South. 871.)

1. *Appeal and Error; Bond; Taking.*—Where a defendant was convicted June 12, and on October .3rd, thereafter, filed with the clerk of the criminal court an appeal bond stating that defendant had prayed for and obtained an appeal from that court upon the execution of the bond, it was a sufficient compliance with the statutes and rules of practice regulating appeals.

2. *Indictment and Information; Affidavit; Sufficiency.*—Although affidavit for a misdemeanor is sufficient under section 6703, Code 1907, if it state the offense by name, and that affiant has probable cause to believe that accused permitted it, yet if an affidavit attempts to set up the facts constituting the offense, it must do so with the same particularity as is required in the indictment.

3. *Same; Name of Owner; Embezzlement.*—An affidavit for receiving stolen goods averring ownership to be in the Seaboard Railway Company is not sufficient where it is not alleged that it is a corporation or a partnership, in the latter case it being necessary to allege the names of the partners.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Rena Mazett was convicted of receiving stolen goods, and she appeals. Reversed and remanded.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The appeal should be dismissed.—*Upshaw v. State, infra;* 66 South. 821.

BROWN, J.—The appellant was convicted in the criminal court of Jefferson county on the 12th day of June, 1914, of the offense of receiving stolen goods, the property of the "Seaboard Railroad Company," know-

ing that such goods were stolen, and at the time she received them having no intent to restore them to the owner thereof.

On the 3d of October, 1914, the defendant filed with the clerk of the criminal court an appeal bond, stating that she had prayed for and obtained an appeal from that court upon execution of a bond. This was a sufficient compliance with the statute and rules of practice regulating appeals to this court.—*Campbell v. State,* 182 Ala. 18, 62 South. 57; *Upshaw v. State, infra,* 66 South. 821. The motion of the Attorney General to dismiss the appeal must therefore be overruled. The only question presented for review is the sufficiency of the complaint to sustain the judgment of conviction.

Omitting the caption, the complaint is in the following language:

"Personally appear before me, H. B. Abernathy, judge of the Birmingham court of common pleas, Birmingham, Ala., in and for said county, M. R. Wilson, who, being duly sworn, says that Rena Mazett, within 12 months before making this affidavit, in said county, did buy, receive, conceal or aid in concealing, one case of whisky of the value of $9.60, the property of the Seaboard Railroad Company, knowing that it was stolen and not having the intent to restore it to the owner thereof."

Upon the making of this affidavit, which was sworn to by Wilson before the judge of the inferior court, a warrant was issued returnable to the criminal court of Jefferson county, under which the appellant was arrested and afterward tried on the complaint made before Judge Abernathy.

Ordinarily, it is sufficient for a person who deems himself aggrieved, and who desires to commence a prosecution for a misdemeanor, to make affidavit that he has

probable cause for believing, and does believe, that the offense, designating it by name, has been committed, and that the defendant is guilty thereof. This is sufficient because the statute makes it so.—Code, § 6703. But if this course is not pursued, and the party commencing the prosecution undertakes to set out the facts constituting the offense, he must do so with the same particularity as is required of an indictment by a grand jury; that is, he must do so with sufficient definiteness and accuracy to enable the court to see from the facts stated that an offense has been committed and that the defendant is guilty.—*Miles v. State,* 94 Ala. 106, 11 South. 403. The requirement of the law is not satisfied so long as any one of the facts necessary to the defendant's guilt is left to implication or inference.—*Emmonds v. State,* 87 Ala. 12, 6 South. 54; *Butler v. State,* 130 Ala. 127, 30 South. 338; *Anderson v. State,* 130 Ala. 126, 30 South. 375.

One of the essentials of a charge as to an offense against property is the negation of the defendant's ownership by such averments as show affirmatively that the property, general or special, against which the crime is laid, is in another than the defendant. For all that appears in this complaint, the "Seaboard Railroad Company" may be an association of persons of which the defendant is a part; and to relieve it of this uncertainty it is necessary for the complaint to charge that the "Seaboard Railroad Company" is a corporation or a partnership, and, if a partnership, set out the names of the individuals constituting the firm. As said by the court in the case of *Emmonds v. State, supra*:

"If the property is laid in a corporation, it is not necessary to state the names of its shareholders, as they, in their individual capacities, have no more control or possession of it than strangers, and whether the defendant

be a shareholder or not is immaterial. But the indictment should aver facts which show that the company is a corporation. The use of a name which may import a corporation or which, on the other hand, may be that of a voluntary association or a simple partnership, will not suffice. It is enough in civil causes, depending on corporate character, at least on appeal, to allege a name appropriate to a corporation (*Seymour v. Thomas Harrow Co.,* 81 Ala. 251 [1 South. 45]) ; but the rule which requires indictments to aver every fact necessary to an affirmation of guilt is not satisfied, as long as any one of these facts is left to implication or inference. The Perry Mason Shoe Company bears a name appropriate to corporate existence; yet it may be that of a voluntary association of two or more individuals, each having the right to break into and enter the storehouse of the company, and, for aught that appears in the indictment, the defendant may be one of these associates. So that, if every fact set forth be admitted, the court could not say that the defendants were guilty of the crime of burglary. These considerations lead us to the conclusion, which is supported by the weight of authority, that when property, against or in reference to which an offense is charged, belongs to a private corporation, the fact that the company is a corporation must be alleged."—*Burrow v. State,* 147 Ala. 114, 41 South. 987; *Aldridge v. State,* 88 Ala. 113, 7 South. 48, 16 Am. St. Rep. 23; *Bailey v. State,* 116 Ala. 437, 22 South. 918.

The judgment of the criminal court is reversed, and the cause remanded.

Reversed and remanded.