# Peters *v.* The State.

## *Embezzlement.*

(Decided January 12, 1915.  67 South. 723.)

1. *Embezzlement; Ownership; Agents.*—Although not a legal entity and not capable of being sued, or of suing in their common name, an unincorporated voluntary association of persons may, as individuals, jointly own personal property, and jointly have an agent, bailee or trustee with respect to their common property.

2. *Same; Indictment.*—Under the provisions of section 7147, Code 1907, an indictment charging embezzlement in that defendant was the agent, bailee or trustee of a named Sunday School, is sufficient.

3. *Same.*—An indictment charging that defendant as agent, trustee or bailee of a named Sunday School, came into the possession of money, and embezzled it, is not subject to the objection that it fails to allege that the money embezzled belonged to or was owned by such school.

4. *Same; Description.*—Under section 6843, an indictment charging the embezzlement of about $15, is sufficient.

5. *Same; Funds; Member; Agent.*—Under section 6831, Code 1907, it is no defense to the embezzlement of the funds of a Sunday School that defendant was a member thereof, having an equal right with the other members to ownership of the funds, if the school as such, delivered the possession of the funds to defendant as agent, bailee or trustee.

6. *Same; Variance.*—Where the evidence showed that after the resignation of the treasurer of the Sunday School, the superintendent thereof took the money turned in, and gave it to defendant, who was the secretary, to hold until a treasurer could be appointed, and it was converted before any action by the Sunday School in the appointment of a treasurer was taken, there was a variance between the indictment charging embezzlement by an agent, bailee or trustee of the Sunday School, as the defendant was the agent of the superintendent and not of the School.

7. *Same; Instructions.*—Where there was no evidence that the money claimed to have been embezzled was placed in defendant's hands by any committee of the Sunday School owning the funds, charges on that issue were properly refused as inapplicable.

8. *Same.*—Charges asserting that the jury must believe beyond a reasonable doubt that the Sunday School as a body placed the funds in defendant's hands before he could be convicted of embezzling such funds, was calculated to mislead the jury to believe that it was necessary to a conviction that they find from the evidence that the Sunday School physically placed the money in defendant's hands.

9. *Charge of Court; Good Character.*—A charge asserting that the proof of good character of defendant alone may be sufficient to generate in the minds of the jury such doubt of the guilt of defendant as to authorize an acquittal, was properly refused.

[Peters v. The State.]

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Isaac Peters was convicted of embezzlement, and he appeals. Reversed and remanded.

The indictment appears in the opinion, and the points raised by demurrer also sufficiently appear. The following charges were refused to defendant: 2. I charge you that proof of good character of defendant alone may be sufficient to generate in the mind of the jury such doubt of the guilt of defendant as to authorize an acquittal.

5. Before you are authorized to convict this defendant, you must believe beyond a reasonable doubt that the Sunday school as a body placed the money alleged to have been embezzled in the hands of this defendant.

6. If you believe from the evidence that the money which is alleged to have been embezzled came into dedefendant's possession as agent of the superintendent of the New Bethel Sabbath school, you should find defendant not guilty.

A. If you believe the money alleged to have been embezzled was placed in the hands of an attorney by an agent, committee, superintendent, or bailee of the New Bethel Sabbath school, to keep for such agent, committee, superintendent, or bailee, you should find defendant not guilty.

FINCH & PENNINGTON and W. L. ACUFF, for appellant. The court erred in overruling the demurrer to the indictment.—*Young v. The State,* 97 Ala. 41; *Johnson v. The State,* 73 Ala. 483; *Edmons v. The State,* 87 Ala. 12; *Burroughs against the State,* 51 South. 9 H. 7; 135 Amer. St. Rep. 01. The evidence offered by the state shows that the defendant was guilty of larceny, if guilty of anything.—*Barney v. The State,* 57 South. 598:

[Peters v. The State.]

*Boswell v. The State,* 56 South. 21; *Washington v. The State,* 17 South. 547; *Crocheron v. The State,* 86 Ala. 64. The defendant, himself, had an interest in the money alleged to have been embezzled.—*Edmons v. The State, supra.* The court should have given charge 2.— *Taylor v. The State,* 149 Ala. 32. The court should have permitted the defendant to show that part of the money had been paid in by him.—31 L. P. R. A. (N. S.) 823. The counsel discussed other assignments of error, but without further citation of authority.

R. C. BRICKELL, Attorney General and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss the errors assigned, but without citation of authority further than § 7147, Code 1907, in support of the contention, that it was not necessary to allege ownership.

THOMAS, J.—The indictment charges: "That before the finding of the indictment Isaac Peters, whose name is to the grand jury otherwise unknown, a bailee, or agent, or trustee of the New Bethel Baptist Sunday school, embezzled or fraudulently converted to his own use money to the amount of about fifteen dollars, which came into his possession as such bailee, or agent, or trustee of the New Bethel Baptist Sunday school, against the peace and dignity," etc.

It was demurred to upon several grounds, one of which is to the effect that the indictment shows on its face that the New Bethel Baptist Sunday school, the alleged principal, as whose alleged agent, or trustee, or bailee, defendant is alleged to have come into the possession of the money alleged to have been embezzled, is neither a person, a partnership, nor a corporation, and consequently is not a legal entity, and is therefore incap-

able in law of having an agent, trustee, or bailee, or of owning property.

An unincorporated or voluntary association of persons, though not a legal entity, and not capable of suing by or of being sued in their common name, may yet as individuals jointly own personal property and jointly have an agent, bailee, or trustee with respect to that common property (*Conklin v. Davis,* 63 Conn. 377, 28 Atl. 537; *Allison v. Little,* 85 Ala. 512, 5 South. 221; *Stewart v. White,* 128 Ala. 202, 30 South. 526, 55 L. R. A. 211; 34 Cyc. 1112 et seq.; 24 Am. & Eng. Ency. Law [2d Ed.] 323 et seq.; *Burke v. Roper,* 79 Ala. 138); and in an indictment for the larceny or embezzlement of such property it is entirely sufficient to lay the ownership of it in such association by giving its common name, without setting out the individuals composing or constituting it (Code, § 7147). By reason of this statute, the cases of *Burrow v. State,* 147 Ala. 114, 41 South. 987, and *Emmonds v. State,* 87 Ala. 12, 6 South. 54, clearly have no application here, as they lay down the rule for alleging ownership in a partnership or corporation.

Likewise it was sufficient to allege, as the indictment here did, that the person charged with embezzling the property came into possession of it as the agent, bailee, or trustee of such association, giving its common name without setting out the individuals composing or constituting it.—25 Cyc. 96. This latter doctrine, if otherwise it did not obtain, is a necessary corollary to the doctrine established by the section (7147) of the Code cited, allowing the ownership to be alleged in the way as before mentioned. The statute is remedial, and is to be liberally construed, so as to effectuate the apparent legislative intent, which was to relieve the necessity of incumbering the pleadings with long averments of indi-

vidual names in cases where, as here, the property concerned belonged to a voluntary association of numerous persons, having a common name, but which was neither a partnership (*Burke v. Roper,* 79 Ala. 138), nor a corporation (*Priest v. State,* 5 Ala. App. 171, 59 South. 318).

There is likewise no merit in that ground of the demurrer which raises the point that the indictment failed to allege that the money embezzled belonged to or was owned by said "New Bethel Baptist Sunday school." Whether they or some other person or persons owned it is immaterial to the charge, provided the defendant, as was alleged, came into possession of it as their agent, bailee, or trustee and while so in possession embezzled it or fraudulently converted it to his own use.—*Barr v. State,* 10 Ala. App. 111, 65 South. 197; *Reeves v. State,* 95 Ala. 31, 11 South. 158; *Willis v. State,* 134 Ala. 429, 449, 33 South. 226; *Washington v. State,* 72 Ala. 272.

The description of the money alleged to have been embezzled was sufficient.—Code, § 6843; *Walker v. State,* 117 Ala. 42, 23 South. 149; *Huffman's Case,* 89 Ala. 33, 8 South. 28.

It was not necessary for the indictment to allege in what county the offense was committed.—Code, § 7140.

The indictment also met every ground of attack raised by the demurrers as to the question of the capacity in which the defendant came into the possession of the money alleged to have been embezzled.—*Wall v. State,* 2 Ala. App. 157, 56 South. 57; *Gleason v. State,* 6 Ala. App. 49, 60 South. 518; *Willis v. State,* 134 Ala. 429, 449, 33 South. 226.

The demurrer to the indictment on the ground that it fails to show but what defendant was a member of said "New Bethel Baptist Sunday school," and consequently but what he as such was a joint owner of the

money alleged to have been embezzled, and the insistence of the defendant that he was entitled to the affirmative charge because the evidence showed without dispute that he in fact was a member and consequently did as such have a joint interest in the property, are, we think, equally wthout merit. The defendant's interest in the money by virtue of his membership in the Sunday school was not such as would give him the right, without the consent of the Sunday school, to withdraw and appropriate even that interest to his personal and private uses, although he may have from his own purse, as contended, contributed from time to time to the fund. The title to the property rests in the several members of the Sunday School, not for their personal and individual use and benefit, but in trust—as the result of an implied, if not express, agreement between such members —for the promotion of the altruistic or religious ends and objects for which they had formed themselves into and associated themselves together as a Sunday school and upon which they as a Sunday school might determine; and, while it is no doubt true that any member of the Sunday school might, by virtue of such joint ownership of the funds and in order to conserve and protect them for the benefit of the Sunday School, take possession of and hold the same in the absence of any action by the Sunday school as a body providing for the keeping of the funds, yet, even such right of a member even so to hold the funds is superseded whenever the Sunday school as a body chooses to exercise its authority over the possession of the funds and to resolve and direct that they be kept by a particular person. Whenever the members of the Sunday school in their collective capacity as such see fit to say how and by whom the funds shall be kept, the right of any individual member to the possession of such funds as a joint owner is cer-

tainly suspended, he having fully exercised his individual authority with respect to them by his participation in the deliberations of the Sunday school or by his opportunity to do so, and thereafter he cannot, as against any person so chosen by the majority of the Sunday school to keep the funds, assert any individual rights to the possession of them which he might, as a joint owner, for the benefit of the Sunday school have asserted against a stranger at any time before the Sunday school acted. Consequently, although a person be a member of the Sunday school and by reason thereof hold jointly with the other members the legal title to its funds, yet when he receives and accepts the exclusive possession of the funds, by authority of the Sunday school as a body, to hold for them and to disburse as they may direct, he receives and accepts and holds such exclusive possession of such funds, not in any individual right as a joint owner, but as the "agent, bailee, or trustee" of the Sunday school, and may, we think, under the statute, be guilty of embezzlement with respect to them if he fraudulently converts them to his own use. The statute (Code, § 6831) provides in this particular that: "Any * * * bailee, or other agent, or any trustee * * * who embezzles or fraudulently converts to his own use any money, property, or effects deposited with him, or *which may have come into his possession by virtue of any bailment for any purpose,* * * * must be punished, on conviction, as if he had stolen it."—Code. § 6831.

The Supreme Court of Ohio have, in support of our position here, held, in construing a statute on embezzlement which is probably not so broad as ours, that an agent and cashier of an unincorporated banking association is guilty of embezzlement, although himself a joint owner of the assets of such unincorporated as-

sociation, where, having, by virtue of his employment as such agent and cashier, exclusive custody. of the assets of the association, he fraudulently converts them to his own use.—*State v. Kusnick,* 45 Ohio St. 535, 15 N. E. 481, 4 Am. St. Rep. 564.

With respect to the cases of *Watson v. State,* 70 Ala. 13, 45 Am. Rep. 70, and *Lang v. State,* 97 Ala. 41 et seq., 12 South. 183, relied on by appellant, and which hold that where defendant has an interest in the property he is charged with embezzling he cannot be convicted (if ever an authority on the proposition here involved), it may be said, were decided before said section 6831 of the Code was amended by the act of the Legislature approved February 4, 1903 (Laws 1903, p. 40) which is now embodied in that section as before quoted from. The code commissioner of the Code of 1907, Judge MAYFIELD, now of the Supreme Court, in a note under said section 6831 of the said Code, states that as a result of the amendment mentioned the effect of these decisions was destroyed or cured. While this statement of the commissionr is not authoritative, as would be a decision, yet it is entitled to much weight, and is in line with the holding in the Ohio case which we have cited. It is not necessary, and it is not our intention, to go any further in the approval of that statement than is essential to the disposition of the case here. Certainly, as seems to us clear, the embezzlement statute, if not before, is, since the amendment mentioned, amply broad and comprehensive enough in its terms to cover this case, and we so hold.

Of course, in order to convict the defendant under the indictment as here framed, it must appear, among other things, to the satisfaction of the jury beyond a reasonable doubt, that the defendant received, or came into the possession of, the money alleged to have been

embezzled "as the agent, trustee, or bailee" of the Sunday school, and not as the "agent, trustee, or bailee" of some other "agent, trustee, or bailee" of the Sunday school. For instance, if the Sunday school, in its capacity as such, intrusted the custody and keeping of the funds to a particular officer or agent of the Sunday school, and that officer or agent, without authority of the Sunday school, then intrusts that custody and keeping to some other person, that person, if he embezzles them, must be charged, in order to avoid a variance between allegation and proof, to have done so as the "agent, bailee, or trustee" of such Sunday school officer or agent that may have committed them to his charge, and not as the agent, bailee, or trustee of the Sunday school.—*Washington v. State,* 72 Ala. 272. However, although in the first instance the Sunday school did not authorize its officer or agent to commit the funds to the custody or keeping of another, yet, if subsequently, before such funds are embezzled by that other, it ratifies the act of its officer or agent in so committing them, then that other becomes and is the "agent, bailee, or; trustee" of the Sunday school, the same as if it had originally authorized his appointment as such. —*Washington v. State, supra.*

It appears here that the Sunday school in question has three standing officers, a superintendent, a secretary, and treasurer; the latter being, of course, as the name imports, the regular custodian of its funds. At the time in question, the defendant was secretary, and the person who was treasurer did, on the Sunday that defendant came into possession of the funds, send in to the Sunday school his resignation, together with the funds that had been in his custody, as such treasurer. No new treasurer was then, nor for some time thereafter, elected; and the superintendent did then, by vir-

tue of his general management and control of the prop-
erty and affairs of the Sunday school, take possession,
as was no doubt his right and duty as such officer, of
the funds so sent in by the said treasurer that had re-
signed. Instead of keeping them himself, however, he
turned them over to the defendant, who was secretary,
as said, to hold until a new treasurer had been elected
by the Sunday school, and during such time it appears
that the defendant embezzled the funds. There is no evi-
dence whatever that the Sunday school authorized this
action on the part of the superintendent in turning over
the funds to the defendant, or that they knew of it until
after the money was embezzled; hence they could not
have ratified such action before the money was embez-
zled. So far as appears, the first information the Sun-
day school had of it was when on one Sunday they pass-
ed an appropriation for certain purposes, when defend-
ant then announced that he had the Sunday school mon-
ey at home, which, it appears, was not the truth, but
only a ruse, and that he had already embezzled it. Nor
is there any evidence in the case tending in any wise to
show that, in case of a vacancy in the office of treasurer,
the duty of keeping the Sunday school funds is upon
the secretary, which defendant was. For aught appear-
ing, therefore, defendant did not come into the posses-
sion of the funds by virtue of his office as secretary, nor
by virtue of any special appointment of the Sunday
school for this purpose, but solely as a bailee, agent, or
trustee of the superintendent of the Sunday school,
whose action was never ratified by the Sunday school.
Defendant was, consequently, entitled to the affirma-
tive charge on account of the variance between allega-
tion and proof.—*Washington v. State, supra; Brewer
v. State,* 83 Ala. 113, 3 South. 816, 3 Am. St. Rep. 693.

An additional count in the indictment, charging that

[Hickey v. The State.]

defendant came into possession of the money as "the agent, bailee, or trustee" of such superintendent, naming him, would, it seems to us, meet and relieve on another trial any possible variance that might otherwise arise.

Charge 2 was properly refused.—*Allen v. State,* 8 Ala. App. 228, 62 South. 71; *Axelrod v. State,* 7 Ala. App. 61, 60 South. 959; *Taylor v. State,* 149 Ala. 32, 42 South. 996.

Charge 5, as worded, was misleading, in that from it the jury might be led to think that it was necessary to a conviction of defendant that they believe that the Sunday school, assembled as a body and as such, physically placed the money in defendant's hands.

Charges 6 and A were abstract, as there was no evidence tending to show that the money was placed in defendant's hands by any committee.

For the errors pointed out, the judgment is reversed. Reversed and remanded.