# Noah *v.* The State.

### Burglary.

(Decided January 20, 1916. Rehearing denied February 8, 1916. 72 South. 611.)

1. Burglary; Indictment; Ownership of Building.—An indictment for breaking and entering a building of the "Hill Grocery Company" but not averring it as a corporation or partnership, and averring a felonious taking from the Hill Grocery Company, a body corporate, was not sufficient since it left it to inference whether the same company was described in both averments.

2. Indictment and Information; Requisites; Certainty.—The rule is strict that averments in indictments must be so certain and precise as to avoid all ambiguity and exclude all intendments.

[Noah v. The State.]

3. **Burglary; Evidence; Sufficiency.**—Evidence that the building was locked, that during the night a window was broken, making an opening large enough to enter, that meats were taken away which were traced to a store where, next day, defendant was seen selling such meats, and that he fled when the officers approached, was sfficient to require a submission of defendant's guilt to the jury, and to justitfy the refusal of the affirmative charge.

4. **Appeal and Error; Harmless Error; Rule 45.**—The doctrine of error without injury is not applicable where the only count in the indictment which will support the verdict is defective, since such error is jurisdictional.

APPEAL from Jefferson Criminal Court.
Heard before Hon. JOHN H. MILLER.
(On application of the state the Supreme Court reviewed the decision in this case, and denied the writ. See *Ex parte State v. Noah*, 197 Ala. 701, 72 South. 613.)
Tom Noah was convicted of burglary and he appeals. Reversed and remanded.

JOHN S. HOSKINS, for appellant. W. L. MARTIN, Attorney General, and HUGO L. BLACK, Solicitor, for the State.

BROWN, J.— (1, 2) The rule which requires indictments to aver every fact necessary to an affirmation of guilt is not satisfied as long as any essential fact is left to implication or inference.—*Emmonds v. State*, 87 Ala. 12, 6 South. 54; *Mazett v. State*, 11 Ala. App. 317, 66 South. 871; *Adams v. State*, 13 Ala. App. 330, 69 South. 357. The indictment in this case lays the ownership of the building broken into and entered in the "Hill Grocery Company," without averring that it is a corporation or a partnership. This averment is followed by the averment that the defendant "feloniously took and carried away 50 pounds of salt meat, of the value of 15 cents per pound; 6 hams of the value of $2 each, the personal property of the Hill Grocery Company, a body corporate."

The indictment thus framed leaves it to be inferred that the Hill Grocery Company first named is the same person or association of persons as the Hill Grocery Company last named. The rule in civil cases is that the averments "must be certain and precise so as to avoid all ambiguity of meaning and exclude all intendments" (*Scharfenburg v. Town of New Decatur*, 155 Ala. 651, 47 South. 95) ; and the rule in criminal prosecutions is even more strict.—*Emmonds v. State, supra*. While this may seem highly technical, it is the established rule, tested by long experi-

[Noah v. The State.]

ence, and finds justification in the quotation from *State v. O'Don-ald,* 1 McCord (S. C.) 572, 10 Am. Dec. 691, in *Adams v. State,* 13 Ala. App. 330, 69 South. 357, and authorities there cited, as essential to the enforcement of the constitutional right that no person shall be deprived of his liberty except by due process of law.—*State v. Bush,* 12 Ala. App. 309, 68 South. 492. The demurrer to the indictment was well taken, and the court erred in overruling it.

(3) The evidence shows that the building alleged to have been burglarized was closed and locked; that during the night a window was broken and a screen removed, thus making an opening sufficient for a man to enter; and tends to show that several hams and some side meat was taken and carried away; that it was traced to the store of Colvin by the salt dropped from it as it was being carried to Colvin's store, where it was found. The evidence further shows on the morning after the burglary the defendant was offering side meat and ham for sale, and when the officers in search of the stolen meat appeared at the store of Colvin and arrested Carter, the defendant took to flight. The hams recovered had the stamp of the Hill Grocery Company on them, and there was evidence tending to show that this particular stuff had not been sold by the Hill Grocery Company, but was taken by the burglar. The evidence was sufficient to carry the case to the jury, and the affirmative charge was properly refused.—*Smith v. State,* 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21; *Daniels v. State,* 12 Ala. App. 119, 68 South. 499.

The other charges refused to defendant are not numbered or lettered, so as that they can be treated separately without unreasonably extending the opinion of the court; however, we have examined each, and find no error in their refusal.

For the error pointed out, let the judgment be reversed.

Reversed and remanded.

### ON REHEARING.

The defendant was convicted under the first count of the indictment, which embraces a charge of burglary and larceny; but, as it does not appear by affirmative averment that the property stolen was stolen from the person of another, a building on fire, a dwelling, a storehouse, warehouse, shop, railroad car, steamboat, ship, vessel, or boat used for carrying freight or

passengers, and it does affirmatively appear from the averments of the indictment that the property stolen was not of the value of $25 or more, it must be held that the larceny charge is petit larceny, and not grand larceny.—Code 1907, § 7324. The defendant was given a sentence of ten years in the penitentiary, not for larceny (Code 1907, § 7325), but for burglary.—Code 1907, § 6415. The defect in the indictment is with respect to the offense of burglary, the offense for which the defendant was convicted and sentenced. In the case of *Emmonds v. State,* 87 Ala. 12, 6 South. 54, no objection was made to the indictment, and the effect of the holding in that case is that the indictment was so defective that it did not give the court jurisdiction of the offense, and hence would not support a judgment. In *Sherrod v. State,* 197 Ala. 286, 72 South. 540, it was held:

"Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution.—12 Cyc. 220 (VI, G); *Armstrong v. State,* 23 Ind. 95; *Ford v. State,* 18 Ind. 484; *Carrington v. Commonwealth,* 78 Ky. 83; *King v. People,* 5 Hun (N. Y.) 297. To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to the quickening into exercise the powers of the court, and to give it jurisdiction of the offense.—Constitution 1901, § 6; *Butler v. State,* 130 Ala. 127 [30 South. 338]; *Miles v. State,* 94 Ala. 106 [11 South. 403]; 12 Cyc. 221 (VI, H). Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or information, or complaint supported by oath is essential to complete jurisdiction, and cannot be waived."

Under the holding in the *Emmonds Case,* which is approved as late as *Burrow v. State,* 147 Ala. 114, 41 South. 987, the question is jurisdictional.

(4) The only count in the indictment left to sustain the judgment being defective, we cannot apply the doctrine of error without injury.

Application overruled.