(75 South. 178)

SPEAKER v. STATE. (6 Div. 124.)

(Court of Appeals of Alabama. April 3, 1917. Rehearing Denied May 15, 1917.)

1. CRIMINAL LAW ⬩567 — EXISTENCE OF CORPORATION—PROOF.

Burden of proving existence of the corporation mentioned in the indictment, the W. Company, cast on the state by sworn plea under Code 1907, § 6876, was not sustained, it appearing there was a mere attempt, ineffective because of noncompliance with the statute relative to change of names of corporations, to give such name to an existing corporation; this not having the effect of dissolving the existing corporation, because of noncompliance with the statute for dissolution, and therefore not having the effect of creating a de facto corporation by the name of W. Company, though the business was conducted under that name.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1276.]

2. EMBEZZLEMENT ⬩35 — INDICTMENT — VARIANCE.

Variance between the indictment and proof as to name of the corporation, property of which was charged to have been embezzled, is fatal.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 55–59.]

Appeal from Criminal Court, Jefferson County; Wm. E. Fort, Judge.

Harry A. Speaker was convicted of embezzlement, and appeals. Reversed and remanded.

J. B. Aird, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted (together with another, who was acquitted), for the offense of embezzlement. The indictment charged that Harry A. Speaker, an officer, agent, or clerk of the W. D. Wood Lumber Company, a body corporate, did embezzle, or fraudulently convert to his own use, or to the use of another, or did fraudulently secrete with intent to convert to his own use, or the use of another, certain building materials aggregating several hundred dollars in value, etc.

[1] Before entering upon the trial, the defendant, under section 6876, Code 1907, filed a sworn plea denying the existence of such corporation, as follows:

"Comes the above defendant and for plea to the indictment heretofore filed against him says that there is not now, and that there was not at the time of the finding and filing of the indictment in this cause, a corporation in existence as the W. D. Wood Lumber Company, nor was there any such corporation as the W. D. Wood Lumber Company in existence within the period of three years next and before the finding of the indictment in this cause."

The plea was properly sworn to, and as a result thereof cast upon the state the burden of proving the existence of the corporation mentioned. Barr v. State, 7 Ala. App. 96, 61 South. 40; West v. State, 168 Ala. 1, 53 South. 277; Boykin v. State, 96 Ala. 16, 11 South. 66; Code 1907, § 6876. It is insisted that the state, by competent evidence, failed to discharge the burden of proof cast by the sworn plea, and that because of such failure to make this proof, a material variance existed which entitled the defendant to the affirmative charge requested by him in writing and refused by the court. In fact, this question was raised in every conceivable manner, and a great number of assignments of error are on this proposition. The indictment averred that the embezzlement was from the W. D. Wood Lumber Company, a body corporate. The evidence without dispute showed that an original company was first incorporated under the name of the Wood-Dickinson Lumber Company; that its name was afterwards legally changed to the Wood-Norris Lumber Company, and that after this, and before the alleged embezzlement by this defendant, the Wood-Norris Lumber Company made an effort or attempted to change its name to the W. D. Wood Lumber Com-

pany, the name averred in the indictment. It is conceded that the effort or attempt to change the name to the W. D. Wood Lumber Company was ineffective, inasmuch as the statute was not complied with relative to the change of the name of corporations. After all of the evidence was in, and after the state had by every means at its hands undertaken to prove that the W. D. Wood Lumber Company was a corporation as averred in the indictment, the court, at the request of the defendant, gave written charge No. 1:

"I charge you that the law was not complied with in the attempted change of the name of the Wood-Norris Lumber Company to the W. D. Wood Lumber Company."

The court also gave at the request of the defendant, written charge No. 20:

"I charge you that there is no proof before you that there was in existence a legally organized incorporated company, known as the W. D. Wood Lumber Company."

It would appear, therefore, from the undisputed evidence in this case that the real legal name of the body corporate in question still remained and was at the time of the alleged embezzlement and at the time of the bringing of the indictment the Wood-Norris Lumber Company. This company had been duly and legally in existence for some period of time, and it could not be said that a futile effort to simply change its name would operate as a dissolution of said incorporated company, or to convert it into a de facto corporation. The statute (Code 1907, § 3510) prescribes how to dissolve a corporation. The attempt to change its name which resulted in failure could not affect said incorporated company's legal status; hence it would appear from the evidence that, notwithstanding how the business was conducted, the legal name of the company at the time of the alleged offense was the Wood-Norris Lumber Company, and not the W. D. Wood Lumber Company, as averred in the indictment.

[2] The sworn plea interposed by the defendant cast upon the state a burden it did not and could not meet (Barr v. State, supra; Boykin v. State, supra; Burrow v. State, 147 Ala. 114, 41 South. 987; Code 1907, § 6876; Aldridge v. State, 88 Ala. 113, 7 South. 48, 16 Am. St. Rep. 23); and, under the universally recognized rule that the allegations and proof must correspond, and that a material variance is fatal to a conviction, we are of the opinion that, under the agreed statement of facts in this case, such a variance did clearly exist, and the defendant was entitled to the affirmative charge requested in writing, and that the court erred in its refusal. Peters v. State, 12 Ala. App. 133, 67 South. 723; Brewer v. State, 83 Ala. 113, 3 South. 816, 3 Am. St. Rep. 693.

Other questions presented need not be passed on, as such of them as would have merited discussion in any event are not liable to arise in another trial.

Reversed and remanded.