142 So. 590

## McELROY v. STATE.
### 5 Div. 868.

Court of Appeals of Alabama.
June 7, 1932.

D. T. Ware, of Roanoke, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.

Appellant was adjudged guilty, after verdict by the jury, of the offense sought to be charged by that count, and that count only, of the indictment, which was in the following language, to wit: "2. The Grand Jury of said County further charge that before the finding of this indictment, John Wesley McElroy, did buy, receive, conceal, or aid in concealing, one spotted bull yearling, an animal of the cow kind, the personal property of Zebedee Triplett, against the peace and dignity of the State of Alabama."

The statute (Code 1923, § 4912) under which this appellant was prosecuted, as indicated by the language quoted, is not essentially dif-

ferent from the same (Code 1896, § 5054) as it stood at the time the opinion was written in the case of Anderson v. State, 130 Ala. 126, 30 So. 375.

Likewise, the count of the indictment upon which appellant was convicted, here, is similar in all respects to the indictment in the said Anderson Case, supra.

And so here, as in that case, the (count of the) indictment charging no offense, because of the omission of the essential averment to the effect that "defendant knew, etc., the property described in the (count of the) indictment was stolen and had not the intent to restore it to the owner," the judgment of conviction cannot stand.

It is reversed, and the cause remanded, for further proceedings in accordance with the law. Dunklin v. State, 134 Ala. 195, 32 So. 666.

Reversed and remanded.