184 So. 480

## RAY et al. v. STATE.

### 7 Div. 418.

Court of Appeals of Alabama.
Nov. 15, 1938.

· W. T. Starnes, of Pell City, for appellants.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The prosecution was begun in the County Court of Talladega County by affidavit made before H. C. Jinright, a Justice of the Peace, with warrant issued thereon returnable to the County Court. The affidavit charged that the defendants feloniously took and carried away certain personal property therein named, of the value of $20; the personal property of *Alabamer Funuel Iron Compans.* On the trial in the County Court the defendants were convicted, and from that judgment they appeal to the Circuit Court.

On the trial in the Circuit Court the Solicitor filed his complaint against the defendants, charging that they did within twelve months before the commencement of this prosecution feloniously take and carry away certain articles of personal property to the value of $20; the property of *Alabama Fuel and Iron Company, a Corporation.*

The defendants by proper objection and motion raise the question that the complaint filed by the Solicitor is not supported by sufficient affidavit, in that there is a complete variance in the complaint filed by the Solicitor from the original affidavit; that the defendants had not been properly apprised of the nature of the charge or accusation made against them in said cause; on the further ground that it was a complete change of offense charged against the defendants; and further, that the process under which they were put to trial was void, in that the complaint of the Solicitor was a complete variance from the offense attempted to be set out in the original affidavit. On the motion of the Solicitor this motion of the defendants was stricken.

The Statute provides that the trial of appeals in the Circuit Court from County Courts shall be de novo, and without indictment or presentment by the Grand Jury; but the Solicitor shall make a brief statement of the cause or complaint signed by him. Code 1923, § 3843; Emmonds v. State, 87 Ala. 12, 6 So. 54.

The complaint as filed by the Solicitor was a complete departure from the charge as laid in the affidavit, and the motion of the defendants to strike the Solicitor's complaint should have been granted. Green v. State, 22 Ala.App. 56, 112 So. 98; Echols v. State, 16 Ala.App. 138, 75 So. 814; Ex parte State, 200 Ala. 700, 76 So. 998.

The affidavit in this case is very crudely drawn, but we are not authorized to supply, by implication, the necessary averments to sustain the charge as laid in the complaint filed by the Solicitor. In Noah v. State, 15 Ala.App. 142, 72 So. 611, Brown, Judge, speaking for this Court, said [page 612]: "While this may seem highly technical, it is the established rule, tested by long experience, and finds justification in the quotation from State v. O'Donald, 1 McCord, (S. C.) 532, 10 Am.Dec. 691, in Adams v. State, 13 Ala.App. 330, 69 So. [357] 358, and authorities there cited, as essential to the enforcement of the constitutional right that no person shall be deprived of his liberty except by due process of law. State v. Bush [12 Ala.App. 309], 68 So. 492."

The allegation in the affidavit that the property alleged to have been stolen was the property of Alabamer Funuel Iron Compans, does not support the allegation in the complaint filed by the Solicitor that the property alleged to have been stolen was the property of the Alabama Fuel and Iron Company, a Corporation; in the absence of which, the court was without jurisdiction to proceed to try the defendants under the complaint filed by the Solicitor unsupported by oath or affirmation.

The foregoing is sustained fully by the opinion on rehearing in the case of Noah v. State, 15 Ala.App. 142, 72 So. 611; wherein, it is specifically held that the question is jurisdictional on authority of Emmonds v. State, supra, and Burrow v. State, 147 Ala. 114, 41 So. 987.

The judgment is reversed and the cause is remanded.

Reversed and remanded.