224 So.2d 254

James B. KING

v.

STATE.

6 Div. 430.

Court of Appeals of Alabama.

June 17, 1969.

William Conway, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal on the record proper from a conviction for making insulting remarks to or about Paul Crouch, a peace officer while engaged in the active discharge of his duty. The jury assessed a fine of $150.00.

King demurred to the District Attorney's complaint which read: "The State of Alabama, by its District Attorney complains of James B. King that within twelve months before the commencement of this prosecution, James B. King did make insulting remarks to or about Paul Couch, a law enforcement officer of Jefferson County, Alabama, engaged in the active discharge of his lawful duties, against the peace and dignity of the State of Alabama."

The grounds of demurrer were as follows:

"1. The Complaint charges no offense.

"2. That the Warrant, made a basis for the Complaint in the Criminal Court of Jefferson County, was void in this, that viz:

'Did make insulting remarks calculated to insult or humiliate Paul Couch a Peace Officer engaged in the discharge of his lawful duties in violation of Act 746 of the Alabama Legislature Regular Session 1967 Section 1.'

That said Warrant does not specify the language or the insulting remarks and therefore said Warrant was insufficient to appraise the defendant as to the acts that he is called upon to defend.

"3. That the Judgment of the Jefferson County Criminal Court is void and was based on an insufficient and illegal Warrant and that the testimony in support thereof was insufficient.

"4. That the Judgment appealed from is void and will not support any Judgment of conviction in the Circuit Court."

Act No. 746, p. 1600 approved September 8, 1967 provides in part as follows:

## "AN ACT

"To protect peace officers from personal abuse or assault while engaged in performance of duties, and to prescribe a penalty for abuse or assault upon such peace officers.

"Be it Enacted by the Legislature of Alabama:

"Section 1: Whenver [sic] any peace officer or other law enforcement officer of this state or any political subdivision of this state shall be engaged in the active discharge of his lawful duty or duties, it shall be unlawful for any person to make any insulting remark, either to or about such officer * * * and any person committing any act made unlawful hereunder shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than ten dollars nor more than five hundred dollars, or by imprisonment in the county jail for not less than ten days nor more than ninety days, or by both such fine and imprisonment."

From the title of this Act, it would appear that the insulting remarks, either to or about such officer denounced in § 1 must fall under "personal abuse * * * while engaged in performance of [their] duties."

The sole question here is whether or not the statement of the offense in the language of the statute without more is enough to apprise the defendant of the charge.

Stone, C. J., in Weaver v. State, 79 Ala. 279, wrote:

"The indictment pursues the language of the statute, and is sufficient.—Sess. Acts 1880—1, p. 30: Yancy v. State, 63 Ala. 141."

The complaint there charged against Weaver "made use of abusive, insulting, or obscene language".

We note that the charge against Weaver was laid in the disjunctive so that "obscene" alone would have been sufficient to qualify the words used. See also Benson v. State, 68 Ala. 513, as to "insulting".

Grounds 2, 3 and 4 of King's demurrer are not appropriate. The trial in the Circuit Court was de novo. The complaint in and judgment of the inferior court are relevant for only: (1) to show that the originating warrant (with its affidavit) caused process to attach to the person of the defendant; and (2) to guard the defendant against a variance in the circuit court. Kemp v. York, 16 Ala.App. 675, 81 So. 195; Horn v. State, 22 Ala.App. 459, 117 So. 283; Ray v. State, 28 Ala.App. 373, 184 So. 480.

This means that only ground (1) of the demurrer was addressed to the circuit court.

In civil causes at law the general demurrer has by statute been done away with. Code 1940, T. 7, § 236. This section however does not apply to criminal pleading. Oliveri v. State, 13 Ala.App. 348, 69 So. 359. See Beale, Criminal Pleading and Practice, § 60.

Ground one raised a valid point because without a statement of the remarks made the defendant comes into court with only a conclusionary accusation that his remarks either to or about the officer were "insulting". Gayden v. State, 38 Ala.App. 39, 80 So.2d 495; Mitchell v. State, 41 Ala. App. 254, 130 So.2d 198.

Also the word "insulting" is not defined. Does it mean "intended to be insulting" or "which the hearer took to be insulting" or "which would be insulting to a reasonable man similarly situated" or "which are insulting to a common intendment", etc? See Bolin v. State, 266 Ala. 256, 96 So.2d 582. Du Bose v. City of Montgomery, 41 Ala.App. 233, 127 So.2d 845. Furthermore, remarks "about" an officer must be shown to have been communicated to him.

We forego consideration of the question of whether or not said Act 746 is unconstitutional on its face.

For the error in overruling King's demurrer the judgment below is due to be reversed and the cause is remanded there for new trial.

Reversed and remanded.