39 So.2d 40

## LOCKHART et al. v. STATE.
### 6 Div. 777.

Court of Appeals of Alabama.
Jan. 11, 1949.

Rehearing Denied Feb. 22, 1949.

R. G. Redden and Young & Young, all of Vernon, for appellants.

298

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

These two appellants, R. J. Lockhart and Freasure Lockhart, originally were separately charged, but jointly tried in the County Court of Lamar County with five offenses, one of which was unlawfully shooting into a building, an offense denounced by Section 171 of Title 14, Code of Alabama 1940.

By proper judgment entry the appellants were found guilty by the County Court of the offense of shooting into a building as charged, and the court imposed a fine of $500.00 and a sentence to hard labor for 180 days on each of the accused.

Each of the accused thereafter perfected an appeal to the Circuit Court. It is noted that the appeal bonds recite that the respective defendant was convicted of the offense of "shooting a shotgun into or against a building."

In the Circuit Court a complaint was filed by the Solicitor against each of the defendants. These complaints respectively charge that each defendant "did unlawfully shoot a shotgun or other firearm at, into, in, through or against a building" belonging to Sulligent Post #32 of the American Legion, which building is used for the assembly of people for business or pleasure, against the peace and dignity of the State of Alabama.

Each defendant thereafter filed a motion to quash the judgment of the County Court on the grounds that the minute entry, or judgment written by the Clerk of the County Court did not correspond to the bench notes made by the County Judge in the cases. These motions were overruled.

Each defendant then filed pleas of former acquittal, which were stricken on motion of the State.

Thereupon they each filed a plea of former jeopardy. After a hearing the court ruled against the defendants on their pleas of former jeopardy.

Each of these pleas of former jeopardy alleged in substance that each defendant had been charged with five offenses in the County Court and that the judgment of guilty was a general one; that for aught appearing the defendants were convicted in the County Court for one of the offenses charged other than the offense of "shooting into a building," and that this therefore operated as an acquittal of the charge of "shooting into a building."

The evidence presented by the State was directed toward showing that these two appellants were in the building or hut of the American Legion Post #32 in Sulligent. They had been drinking and became embroiled in a fight with others present. They were thereupon ejected from the building. They then went to their automobile parked near the front door of the building and obtained a shotgun. R. J. Lockhart thereupon fired twice, the shot going through the glass in the front door of the building. Freasure Lockhart passed the ammunition to R. J. Lockhart. During this shooting one of the appellants was heard to say "We'll show them who the Lockharts are."

The appellants' presented no evidence in the trial below.

■ The general affirmative charge requested in writing by each accused was refused by the court. The court's action in such premises was correct as the evidence presented by the State was abundant in its tendency to establish the offense charged.

Each appellant also filed a motion to be discharged on the ground that there was a variance between complaint and proof. This motion was denied by the court.

■ In connection with their pleas of former jeopardy the appellants introduced the bench notes of the County Court Judge. In these bench notes it appears that all of the offenses with which the appellants were charged had been lined out except the offense of shooting into a building. It was clearly within the power of the County Judge to strike, by way of amendment, the charges which were stricken. There is no showing that any person other than the County Judge did strike the stricken charges. It is our conclusion that the bench notes themselves clearly indicate that the verdict of guilty is referable only to the offense of shooting into a building.

However in addition the transcript of the County Court was introduced by the State in the hearing on the pleas of former jeopardy. This transcript contained a minute entry or judgment of the County Court showing that each of these accused was found guilty in the County Court only of the offense of shooting into a building.

■ A minute entry constitutes the final record of a judgment. It cannot, in a court of record, be impeached or aided by the judge's bench notes, or memoranda, which operate only as a direction to the clerk as to what judgments and orders shall be entered on the court's records. Calvert v. State, 26 Ala.App. 189, 155 So. 389. While a County Court is ordinarily not a court of record and its judicial acts are not required to be formally recorded or enrolled, nevertheless if a transcript of the proceedings in a County Court contain a formal judgment or minute entry, we see no reason why the same principles applicable to judgments of a court of record should not also apply to such formal judgments duly entered- by the County Court.

Appellants also contend that the lower court erred in denying their motions to be discharged, and to set aside the verdicts, because of a variance between the allegations and the proof submitted, in that the complaints filed in the Circuit Court alleged that the unlawful shooting was "at, into, through, or against a building belonging to *Sulligent Post #32 of the American Legion,*" etc. (italics our), while the evidence tended to show that the building belonged to the Huel Mixon Post #32 of the American Legion at Sulligent.

It is true that the official and technical name of the American Legion Post #32 at Sulligent is the Huel Mixon Post. However the State introduced several witnesses, some of whom were members of the Post who testified that while the Post was officially named the Huel Mixon Post #32 of the American Legion, it was commonly known as American Legion Post #32 of Sulligent, or simply as Post #32, and the building that was shot into was known as the "American Legion Hut of Post #32, Sulligent, Alabama" and was commonly called the Legion Hut of Post #32. It was also clearly inferable from evidence presented by the State that there was only one American Legion Post, or building, in Sulligent. It was also further shown that the American Legion Post at Sulligent was an association.

It was the rule of the common law that one of the essentials of a charge in offenses

against property, was that the charge be so phrased as to negative the accused's ownership by averments showing affirmatively that the property, general or special, against which the crime is committed, is in another. See Emmonds v. State, 87 Ala. 12, 6 So. 54. It is on this principle that indictments charging offenses against the property of partnerships were defective unless the names of the members of the firm were averred; otherwise it was not considered shown but that the accused was a member of the firm and thus entitled to do the act charged. Davis v. State, 54 Ala. 88; Beall v. State, 53 Ala. 460; Grattan v. State, 71 Ala. 344.

This strict rule of the common law as to the allegation of the ownership of the property against which the offense was committed was early the subject of statutory modification.

Section 245, Title 15, Code of Alabama 1940, and its progenitors in seven previous codes provides:

"When any property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners; or when the property is quasi public property, or belongs to an association, society, or collection of individuals, such as churches, meetinghouses, schoolhouses, lodges, etc., it shall not be necessary for the indictment to allege ownership, but it shall be sufficient to describe such property by the name by which it is commonly known, or in any other manner which may sufficiently identify the property, upon or in relation to which the offense charged was committed."

This statute is remedial and is to be liberally construed to effectuate the apparent legislative intent, which was to relieve the necessity of incumbering the pleadings with long averments of individual names where, as here, the property concerned belonged to a voluntary association of numerous persons. Peters v. State, 12 Ala.App. 133, 67 So. 723.

It is also clearly apparent that it was the purpose of this statute to eliminate absolute accuracy in the allegation of the ownership of the property offended where it is quasi public property, or belongs to an association, society, or collection of individuals, such as in this case. Then "it shall not be necessary for the indictment to allege ownership, but it shall be sufficient to describe such property by the name by which it is commonly known, *or in any other manner which may sufficiently identify the property.*" (Italics ours.)

It is our conclusion that under the evidence the building shot into was sufficiently identified, and that as described these defendants knew, or should have known, the building they were charged with having unlawfully shot into. No error therefore resulted from the lower court's rulings in these premises.

The record is otherwise free from error, and this cause is ordered affirmed.

Affirmed.