Morris A. Burkett and Arthur J. Reid, Montgomery, for petitioner.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for the State.

98 So.2d 670

**Ex parte Robert HAYNES.**

**HAYNES**

v.

**STATE of Alabama.**

**3 Div. 27.**

Court of Appeals of Alabama.

Nov. 26, 1957.

HARWOOD, Presiding Judge.

This petitioner has been convicted in the Circuit Court of Montgomery, and his appeal from such judgment is now pending in this court.

In this petition, the petitioner-appellant requests leave "to proceed in the Circuit Court of Montgomery County, Alabama, in order that such Circuit Court may pass on the question of whether the judgment of record presented to the Alabama Court of Appeals is a correct judgment, and the validity thereof, inasmuch as there is no valid judgment, there is nothing from which your appellant can appeal."

A copy of the minute entry, and of the trial judge's bench notes, are attached as exhibits.

This cause was argued before this court and counsel for petitioner has submitted briefs.

From argument and briefs, we deduce that the petitioner is seeking an order

from this court to permit him to proceed in the Circuit Court in an effort to have that court declare the judgment void for the reason that the bench notes of the trial judge fail to show that the appellant was ever arraigned.

Examination of the minute entry shows it to be regular in every respect, and it specifically shows an arraignment and a plea of not guilty.

The bench notes do not show such arraignment, nor plea.

The Attorney General has moved to strike the petition.

■ A minute entry constitutes the final record of a judgment. It cannot, in a court of record, be impeached by the judge's bench notes or memoranda, which operate only as a direction to the clerk as to what judgments and orders shall be entered on the court's records. Lockhart v. State, 34 Ala.App. 297, 39 So.2d 40.

And in Du Pree v. Hart, 242 Ala. 690, 8 So.2d 183, 186, it is stated:

"It is said in Briggs v. Tennessee C., I. & Ry. Co., 175 Ala. 130, at page 142, 57 So. 882, that there is no law requiring a judge to make bench notes, and because such notes do not include rulings which appear in the judgment entry is not good ground to hold that such rulings were not made. Bench notes were not necessary to sustain a judgment entered on the minutes during the term of court, against attack made on the judgment; and the judgment entry prevails over the bench notes when they conflict. Lockwood v. Thompson & Buchmann, 198 Ala. 295(3), 301, 73 So. 504. But they were always necessary to justify an order nunc pro tunc. During the term prior to the Code of 1923 the judge had control of the entry and could add to, strike out or alter its records. Wilder v. Bush, 201 Ala. 21, 75 So. 143. Under section 6670, Code of 1923, the judge had such power for thirty days after the judgment was rendered. Code of 1940, Title 13, section 119.

"And while section 6724, Code of 1923, Code 1940, Tit. 13, § 198, required the entry of minutes to be made by the clerk during the term, the Act of March 26, 1936 (General Acts 1936, [Ex.Sess.], page 32), amending section 6667, Code of 1923, Code 1940, Tit. 13, § 114, seems to have effectually abolished all terms of the court. Williams v. Wicker, 235 Ala. 348, 179 So. 250. So that since then and prior to the Code of 1940, there may be some uncertainty as to when such an entry must be made. But the pronouncement of a judgment in court and its due entry by the clerk are sufficient to withstand a motion to expunge it, or set it aside, because there was no memorandum or bench note of it made by the judge before it was thus entered."

■ It should be noted that petitioner does not aver that he was not arraigned, but only that the bench notes fail to show an arraignment. As before stated, the minute entry does show such arraignment.

It is clearly apparent from the above that the petitioner cannot impeach the minute entry on the basis of all the facts averred in his petition. It would be a futile thing for this court to grant petitioner's prayer, and would result in unnecessary delay in processing the appeal now on file in this court. For this reason, the motion of the Attorney General is meritorious, and should be granted.

Petition stricken.