HARRIS, Judge.
The appellant, Richard Wayne Gaines, was convicted of third-degree burglary, pursuant to § 13A-7-7, Code of Alabama 1975, and sentenced, as an habitual offender, to 15 years’ imprisonment.
The sufficiency of the evidence is not challenged on this appeal.
The sole issue raised on appeal is an allegedly fatal variance between the indictment and the proof presented at trial.
The indictment, in pertinent part, charged the appellant with the burglary of “the property of, Paul Oates, doing business as Diamond Joe’s.” The evidence revealed that the building burglarized was actually owned and operated by Diamond *241 Joe’s, Inc., a corporation created by Paul Oates when he originally purchased the business. The appellant contends that this variance between the indictment and proof mandates that this cause be reversed and rendered. We disagree.
Appellant’s reliance on Aldridge v. State, 88 Ala. 113, 7 So. 48 (1889), is misplaced. The court in Aldridge held that there was a fatal variance between the indictment and proof where the indictment averred ownership in a mere servant of a corporation and the proof revealed ownership in the corporation. The need for the accurate averment of ownership in the corporation, instead of in the servant, was to negate the defendant’s right to break and enter the premises. See, Adams v. State, 13 Ala.App. 330, 69 So. 357 (1915). This purpose cannot be accomplished by averring ownership or possession in a mere servant of a corporation. Aldridge v. State, supra.
Aldridge is inapplicable to the instant case, however, because the indictment herein did not aver ownership in a mere servant. Paul Oates purchased the business and created the corporation, Diamond Joe’s, Inc., to own and operate it. The indictment arguably mis-identified the building burglarized as the property of Paul Oates, but it sufficiently identified the business operated therein as Diamond Joe’s. Although it would have been, technically, more accurate to have identified the business as Diamond Joe’s, Inc., we feel that the averment in the indictment sufficiently negated appellant’s “right to break and enter the premises.”
“Burglary is an offense against possession or occupancy of a building, and the test for determining ownership of premises for purposes of indictment is not title to the property broken and entered, but its occupancy or possession at the time the offense was committed.” Nicholson v. State, 366 So.2d 1142 (Ala.Crim.App.1979); see also, Adams v. State, supra. Where, as in the instant case, the proof shows that the building burglarized was occupied by the establishment named in the indictment “it [is] immaterial who owned the building.” Childs v. State, 43 Ala.App. 529, 194 So.2d 861 (1966), cert. denied, 280 Ala. 711, 194 So.2d 864 (1967); see, Love v. State, 36 Ala.App. 693, 63 So.2d 285 (1953).
Moreover, the constitutional requirements for a sufficient indictment were satisfied. See, Summers v. State, 348 So.2d 1126 (Ala.Crim.App.), cert. denied, 348 So.2d 1136 (Ala.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978). The indictment sufficiently identified the offense with which the appellant was charged and the state’s evidence at trial proved the same offense. The identity of the building burglarized and the name of the establishment in possession of the premises were adequately set out in the indictment. Compare, Lockhart v. State, 34 Ala.App. 297, 300, 39 So.2d 40 (1949). The appellant was aware of the offense against which he had to defend and he disputed neither the identification of the building nor the identification of the business which he allegedly burglarized.
Where, by indictment, the defendant is given proper notice and identification of the charges, which are subsequently proven during the trial of his case, “no substantial injury to the defendant results” and there is no material (fatal) variance between the indictment and proof. Vaughn v. State, 236 Ala. 442, 445, 183 So. 428, 430 (1938); House v. State, 380 So.2d 940 (Ala.1979), reversing 380 So.2d 938 (Ala.Crim.App.). Therefore, there was no material variance in this case.
Consequently, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.